W. D. SMITH, GUARDIAN, &c., v. ABEL ADAMS, AND OTHERS.

The harrassing of a party by unfounded suits is not an injury for which he can have legal redress, unless he suffer a loss occasioned by the violation of some legal right.

The merely bringing of an unjust or unfounded suit against one is not actionable, except the wrongful suing out of writs of sequestration, attachment, &c.

APPEAL from Jasper. Tried below before the Hon. A. W. O. Hicks

The appellant, as guardian of two minor heirs of Asa Hickman, deceased, instituted this suit against Abel Adams, R. A. Neyland and Henry C. Hicks, the appellees, for the recovery of a slave named Abe, who, in the distribution of Hickman's estate, had been allotted to the said minors; and which slave, it was alleged, had been decoyed by some of the defendants to the county of Jasper, and there wrongfully seized by them by a writ of sequestration. The petition also set out sundry lawsuits instituted by the defendants against the plaintiff, as guardian, which he alleged to be unjust and oppressive, and to his damage as guardian, for which he prayed judgment.

Pending the suit, the plaintiff admitted of record the surrender of the slave to him, and dismissed his suit so far as it sought the recovery of the slave or his value. The plaintiff then amended his petition, setting out more specifically the legal proceedings and suits, for the wrongful institution of which, and the losses and damages thereby occasioned him, he prays damages.

The defendants set up various matters in defence, and, in reconvention, not necessary to be particularly noticed.

The defendants having excepted to the petition and amended petitions, the court sustained the exceptions; "because it is the opinion of the court, that the matters complained of must be litigated in the suits in which the same parties are litigants." The plaintiff declined to amend further, and there was judgment final for the defendants, from which the plaintiff appealed.

Smith v. Adams.

*Moore & Walker*, for appellant.—Although a plaintiff will not be allowed to prosecute two suits for the same cause of action at the same time, against the same parties, in this State, the reason seems to be, because a judgment in one affords an adequate remedy, and to allow another would be oppressive. Yet there is nothing in itself objectionable in a plaintiff pursuing his remedy in other jurisdictions, for the same cause of action, against the same parties, and at the same time pursue it here, though but one satisfaction can be had. (Drake v. Brander, 8 Tex. R., 351.) But while there is that restriction upon the plaintiff in multiplying, unnecessarily, his causes of action, there is no requirement of law or public expediency that forces a defendant to litigate a claim which he might interpose. He may waive one remedy—as, for instance, the privilege of pleading a set-off, and bring his suit; he may refuse to try the right of property by the statutory mode, yet he may sue the sheriff for a trespass in taking his property—if a trespass, in fact, had been committed in seizing the negro to secure the plaintiff in a debt held against other parties. Certainly the owner of the slave need not wait the determination of litigation in which he may have no interest beyond his claim to the negro, before he may demand his property. The cause of action was complete when the negro was taken, and for that trespass, he might at once complain; and the pendency of an action in which he might have set up that complaint in reconvention, would not be a reason why the action for the trespass should not be brought at once, and its pendency would be no defence. But a conclusive ground on which the judgment should be reversed is, that the causes of action set forth in the suits pending between the parties, do not involve the same matter involved in this suit, further than in one of the suits the negro sued for in this action was sequestrated in that, and the parties are not the same. (See Wadleigh v. Veazie, 3 Sumner, 165.)

WHEELER, C. J.—We are of opinion that there is no error in the judgment. If the plaintiffs had been wrongfully harrassed by suits by the defendants, their only remedy was to defend the suits successfully, and visit the costs upon the parties suing. Every

one is liable to be harrassed and injured in his property and feelings by unfounded suits, but this is not an injury for which he can have legal redress. To give a right to such redress, there must not only be a loss, but it must have been caused by the violation of some legal right. And no one can claim a legal exemption from suit by another who fancies he has a cause of action against him, however unfounded the claim may be in justice and law. The merely bringing of an unjust or unfounded suit against one is not actionable. (Haldeman v. Chambers, 19 Tex. R., 53, 54.) Had the suit been for the wrongful suing out of the writ of sequestration or attachment, by which the defendant's property was seized and he sustained damage, the action might have been maintained. But that was not the ground upon which the plaintiffs proceeded.

If suits were wrongfully brought, as alleged, to recover of the plaintiffs money or property, they should have pleaded to the suits so brought. It was not a ground for instituting an independent suit. We are of opinion that the petition showed no cause of action, and the judgment is affirmed.

Judgment affirmed.