J. H. JOHNSON v. KING & DAVIDSON.

(Case No. 5422.)

1. RIGHT OF ACTION — DAMAGES.— The institution of a civil action by one in his own right for the purpose of enforcing a claim, whether that claim be real or unfounded, affords no cause of action against the party suing, unless by the abuse of process the person or property of the defendant be seized or in some manner injuriously affected. Following Smith v. Adams, 27 Tex., 31, and Haldeman v. Chambers, 19 Tex., 53.

2. SAME.— To create a cause of action, there must not only be a loss to the plaintiff, but a loss resulting from the violation of some legal right.

3. Case distinguished.— This case distinguished from Usher v. Skidmore, 28 Tex., 622; Closson v. Staples, 42 Vt., 209; Whipple v. Fuller, 11 Conn., 582.

4. Cases not approved.— The decisions on the question discussed in this case in Woods v. Finnell, 13 Bush, 632; Marbourg v. Smith, 11 Kan., 554, and McCardle v. McGinley, 86 Ind., 538, disapproved.

5. Cause of action.— The mere fact that an affidavit for an attachment was made, and that an attachment issued, which was never served, can no more tend to create a cause of action against the plaintiff in such proceeding than if the averments contained in the affidavit had been embraced in a petition which was not sworn to. The attachment not having been executed, the fact that it was applied for and issued creates no cause of action for injury either to person or property.

6. Same.— The sending of telegrams to the defendant in the former action, inquiring whether defendant had sold out his business, and the sending of other telegrams to a commercial agency to prevent the injury to his credit which he feared the suing out of the writ of attachment would cause, were not so related to the filing of the suit and issuance of the attachment as to make the cost recoverable in this action.

Appeal from Galveston. Tried below before the Hon. Wm. H. Stewart.

J. H. Johnson sued King & Davidson for damages, actual and punitive, for procuring attachment to issue from Galveston county court, in a suit there brought by them against him, directing seizure of his property, August 21, 1883, on an affidavit to the effect that he had disposed of his property, in whole or in part, with intent to defraud his creditors.

The affidavit was alleged to be false and the issuance thereof to be wrongful and malicious, and recovery of $1,000 actual and $4,000 exemplary damage was prayed for in the petition.

Answer was filed demurring generally and specially, and denying generally. The demurrers were overruled. On trial before a jury a verdict was rendered for defendants.

Appellees sued appellant in Galveston county court, on claims then not due, and procured attachment to issue against his property, upon affidavit that he had disposed of his property in whole or in part, with intent to defraud his creditors, August 21, 1883. Suit and writ were dismissed by appellees next day without service or levy.

There was much evidence on the trial not necessary to state. The concluding portion of the opinion refers to telegrams sent under the circumstances indicated in the syllabus.

*Hume & Shepard*, for appellant, cited: Willis v. McNeill, 57 Tex., 477; Culbertson v. Cabeen, 29 id., 251, 255–6; Griffin v. Chubb, 7 id., 615–17; Tillman v. Adams, 4 Tex. Law Rev., Oct. 28, 1884,

250-1; Cooley on Torts, 185; Field on Law of Damages, 3, 689; Wood v. Weir, 5 B. Mon., 546, 550; Holliday v. Sterling, 62 Mo., 321-2; King v. Ward, 77 Ill., 608; Chapman v. Campbell, 50 id., 515-17; Ross v. Innes, 35 id., 505; Israel v. Brooks, 23 id., 577; Parmer v. Keith, 18 Reporter (No. 15, Oct. 8, 1884; S. C. Neb.), 471-2; Walser v. Thies, 56 Mo., 92; Fullenwider v. McWilliams, 7 Bush (Ky.), 390; Newell v. Downs, 8 Blackf. (Ind.), 523-4; Bozeman v. Shaw, 37 Ark., digested in 21 Am. Law Register of 1882, 348; Decoux v. Sieux, 33 La. An., 392; Block v. Meyers, id., 776, digested in 13 U. S. Dig. of 1882, 589.

That appellant should recover nominal damages, they cited: Field on Damages, § 860; Sedgwick on Damages (6th ed.), pp. 44-5; McDaniel v. Gardner, 24 La. An., 341; 14 U. S. Dig. (1883), 59.

That the injury to appellant's business and standing as a merchant was a proper element of actual damages, they cited: Mayfield v. Cotton, 21 Tex., 1; Darcy v. Turner, 46 id., 30; West. U. Tel. Co. v. Brown, 58 id., 174; Goldsmith v. Picard, 27 Ala., 149; Chapman v. Kirby, 49 Ill., 217-19; 14 Am. Law Reg., 391; Notes to Birchall v. Third Nat. Bank, 19 Central Law Journal, Nov. 14, 1884, 391-2.

That mental anxiety, pain and distress were also proper elements of damages, they cited: Houston & T. C. R'y Co. v. Boehm, 57 Tex., 152, 154; Brooke v. Clarke, id., 105, 113; Parkhurst v. Masteller, 57 Ia. (21 Am. Law Reg. (1882), 813).

*McLamore & Campbell* and *Davidson & Minor*, for appellees, cited: Addison on Torts, sec. 863, p. 752 (vol. 2, 4th ed.); Cooley on Torts, pp. 187-189, 214; Pinson v. Kirsh, 46 Tex., 28; Haldeman v. Chambers, 19 Tex., 1; Usher v. Skidmore, 28 Tex., 617; 1 Am. Lead. Cas., 261; Smith v. Adams, 27 Tex., 29, 30; Ray v. Law, 1 Pet. Cir. Ct., 207; Kramer v. Stock, 10 Watts (Penn.), 115; Mayer v. Walter, 64 Penn. St., 283; Potts v. Imlay, 4 N. J. L. (1st South.), 377; 21 Am. Law Reg. (N. S.), 287-290.

STAYTON, ASSOCIATE JUSTICE.— This action was instituted by the appellant to recover damages actual and exemplary.

The ground of the action is, that the appellees, being creditors of the appellant, instituted a suit in the county court of Galveston county against him, and thereon sued out an attachment on an affidavit made by one of them, which charged that appellant had disposed of his property, in whole or in part, with intent to defraud his creditors.

The petition alleges that the attachment was sued out and deliv-

ered to appellees, by whom it was transmitted to the county in which appellant lived, but does not allege that it was ever placed in the hands of an officer or in any manner executed. The facts show that the writ of attachment was sent by the appellees to their agent, and that it was never placed in the hands of an officer or any seizure of property made under it, and that the suit instituted in Galveston county was dismissed upon learning that the grounds for the attachment did not exist.

There were demurrers filed to the petition which were overruled, and a trial had upon the merits before a jury, which resulted in a verdict and judgment in favor of the defendants.

The petition alleged that the attachment was sued out maliciously and without probable cause, and contained averments, as to damages, such as are usually found in actions for malicious prosecutions.

The errors assigned, and discussed in brief of counsel, relate to the giving and refusing of instructions; but in the view taken of the case it becomes unnecessary to consider the rulings of the court in these respects; for if the petition did not state a cause of action, nor the evidence show such a case as would entitle the appellant to a judgment, it is unimportant what instructions were given or refused.

Can an action be sustained for the bringing of a civil action by any one, in his own right, for the purpose of enforcing a claim, real or unfounded, unless by the abuse of process the person or property of the defendant be seized or in some manner injuriously affected?

If this be answered in the negative the present action cannot be sustained.

The former decisions of this and other courts, and the opinions of eminent elementary writers, it is believed fully answer this question.

In the case of Smith v. Adams, 27 Tex., 30, it was said: "Every one is liable to be harassed and injured in his property and feelings by unfounded suits, but this is not an injury for which he can have legal redress. To give a right to such redress, there must not only be a loss, but it must have been caused by the violation of some legal right. And no one can claim a legal exemption from suit by another who fancies he has a cause of action against him, however unfounded the claim may be in justice and law. The mere bringing of an unfounded suit against one is not actionable. Haldeman v. Chambers, 19 Tex., 53, 54. Had the suit been for the wrongful suing out of sequestration or attachment, by which the defendant's property was seized, and he sustained damage, the action

might have been maintained. But that was not the ground upon which the plaintiff proceeded."

In Usher *v.* Skidmore a suit for malicious prosecution was brought, based upon the fact that, at a former time, the defendant had made an affidavit charging the plaintiff with theft, by reason of which proper process issued, under which the plaintiff was arrested and imprisoned; and in disposing of the case the court said: "The affidavit that was in part misdescribed in the original petition did not constitute the plaintiff's cause of action, for if that had been all that was done by the defendants, and the prosecution had gone no further, there would have been no cause of action for a malicious prosecution. The cause of action consisted in the injury she sustained by the arrest and confinement in custody under the charge of felony." 28 Tex., 622.

The following cases assert the same rule: McNamee *v.* Minke, 49 Md., 133; Mayer *v.* Walter, 64 Pa. St., 289; Kramer *v.* Stock, 10 Watts, 117; Ray *v.* Law, Peters' C. C., 210; Woodmansie *v.* Logan, Pennington, 67; Allgor *v.* Stillman, 1 Halst. (Law), 166; Potts *v.* Imlay, 1 South., 330; Byne *v.* Moore, 5 Taunt., 103; Berry *v.* Adamson, 6 Barn. & Cress., 528; Cooper *v.* Egginton, 8 Car. & P., 618; Marshall *v.* Betner, 17 Ala., 836; Walser *v.* Thies, 56 Mo., 91; Addison on Torts, 863; Cooley on Torts, 180, 188; 3 Cooley's Blackstone, 126, note.

There are cases thought to assert a different rule; but it is probably true that the most of them, when examined, will be found to contain some element other than is found in this case.

The case of Closson *v.* Staples, 42 Vt., 209, is often referred to as a case of this kind, and it is certainly true that the reasoning of the court in that case would lead to a rule different to that which we believe the true one.

In that case it was alleged that Closson, as surety for one Kellog, executed a note to Staples, payable to him or bearer, which was afterwards and at maturity paid by Kellog, who subsequently died leaving no estate, and that, several years afterwards, Staples caused one Burnham to take the note and prosecute a suit on it in his own name, which resulted in a judgment in favor of Closson for costs, which had not been and could not be collected from Burnham.

Under this state of facts it would seem, if Staples caused a suit to be brought on the note for his own benefit, or with a view to harass Closson, by an irresponsible person, thereby shielding himself from a judgment against him for costs, that the action ought to have been maintained; for the ground on which an action for the

malicious prosecution of a civil action, where there is no arrest of the person or seizure of property, or other like injury, is denied, is, that the imposition of costs, on the prosecutor of the unfounded action, is the relief which the law gives, and this is imposed in the cause without resort to another action. Where the wrongful or malicious mover of an action does not make himself a party to the action, this cannot be done, and resort to another action becomes necessary.

In the case of Whipple v. Fuller, 11 Conn., 582, a judgment by default was rendered on a declaration which alleged the seizure of property under an attachment, and while there are remarks in the opinion of the court which would seem to hold that the seizure under the attachment was not the material ground on which the action could be sustained, and to hold that it might be sustained on the sole ground that the former suit was unfounded and malicious, yet it is evident that the question was not so before the court as to make its decision necessary.

The case of Woods v. Finnell, 13 Bush, 632, clearly asserts the rule claimed to be the true one by the appellant.

In the case of Hoyt v. Macon, 2 Col., 120, the proceeding made the basis for the civil action for malicious prosecution was one in which the defendant, *not in the assertion of any right claimed by himself*, but as a mere intermeddler practically, instituted, wrongfully, proceedings through which the plaintiff was put to great expense and otherwise damaged ; and the court very justly and properly said : " It ought not to be said that one may intermeddle to resist his neighbor's application to have the benefit of the act of congress, out of mere malice and without cause, and not be liable over for the wrong."

This decision is manifestly correct, but it has no bearing on the question before us.

Marbourg v. Smith, 11 Kan., 554, and McCardle v. McGinley, 86 Ind., 538, seem to sustain the position of the appellant.

It has been held that the malicious institution of proceedings in bankruptcy through which property is taken from its owner is sufficient ground to support an action of this character. Farley v. Danks, 4 El. & Bl., 493. Of this we would have no doubt, but the case falls within the well recognized rule.

In Lockenour v. Sides *et al.*, 57 Ind., 360, it was correctly held that one who maliciously and without probable cause institutes or causes to be instituted against another an inquisition of lunacy, is liable to the latter, on his discharge, in an action for malicious prose-

cution, for all damages suffered by him in excess of the taxable costs of such procedure.

This is so upon the same ground as Hoyt *v.* Macon, and was evidently so placed, for the court said: " The proceedings to procure the plaintiff to be found insane, and to place him under guardianship, are not entirely like a civil action, in which the plaintiff therein *claims some right in his own behalf.* If the proceedings were instituted and carried on by the defendants maliciously, and without probable cause, as alleged, the defendants were officious intermeddlers, without any claim of right or interest in the matter; and they are, in our opinion, liable to the plaintiff for the damages, in excess of taxable costs, sustained by him by means of the proceedings."

There are, perhaps, additional reasons why this decision was correct.

The facts that an affidavit was made, and that an attachment issued, the attachment not having been executed, cannot give to the appellant any right higher or greater than he would have if the same statements made in the affidavit were contained in an unsworn petition, filed by the appellees in a proceeding in which they were seeking to enforce a right in which such averments were proper and necessary, though ultimately found to be untrue; and in so far as injury to the reputation of the appellant is concerned, it is certainly true that no action could be maintained on that ground; the declaration having been made by a party to the suit and relevant to the case. Spaids *v.* Barrett, 57 Ill., 291; Hardin *v.* Cumstock, 2 Marsh. (Ky.), 480; Lea *v.* White, 4 Sneed, 111; Strauss *v.* Meyer, 48 Ill., 386; Vausse *v.* Lee, 1 Hill (S. C.), 198; Cooley on Torts, 214; Addison on Torts, 863.

The sending and reception of the telegrams referred to in the petition was not so related to the filing of the suit and taking out the attachment as to make the cost of the same recoverable in this action, for that was not either the necessary or probable result of the action on which this is founded.

The appellant neither stated nor proved a cause of action, and the judgment of the court below is affirmed.

AFFIRMED.

[Opinion delivered June 27, 1885.]