### B. F. PYE ET AL v. MARGARET CARDWELL.

No. 2766.    Decided May 19, 1920.

(222 S. W., 153.)

**1.—Civil Suit—Malicious Prosecution.**

Damages will not be awarded for the prosecution of civil suits with malice and, without probable cause unless the party sued suffers some interference by reason of the suits with his person or property. Smith v. Adams, 27 Texas, 30; Salado College v. Davis, 47 Texas, 134; Johnson v. King, 64 Texas, 226, followed. (P. 574).

**2.—Same—Foreclosure—Seizure of Property.**

Actions to foreclose a chattel mortgage without seizure of any property do not constitute such interference with property as will support an action for damages, though such actions are malicious and unfounded. The imposition of costs is the only penalty which the law attaches thereto. (P. 575).

**3.—Same—Conspiracy.**

The joining of two or more persons to harass a defendant by malicious and unfounded suits will not render such prosecution actionable which would not be so if brought by one only. (P. 575).

**4.—Suit in Another's Name.**

Procuring a malicious and unfounded suit to be brought in the name of another will not render such proceeding actionable where the plaintiff so used is a responsible person and there is no evasion of the penalty of costs. (Pp. 575, 576).

Question certified from the Court of Civil Appeals for the First District, in an appeal from the County Court of Galveston County.

The suit was by Margaret Cardwell against B. F. Pye, T. S. Russell, and L. Perl. Plaintiff recovered and on appeal by defendants the judgment was reversed and rendered in their favor. Pending a motion for rehearing the question here answered was certified to the Supreme Court.

*Lewis Fisher, B. F. Pye,* and *Lipscomb & Lipscomb,* for appellants.—The bringing of civil actions not interfering with possession or control of property or freedom of personal action, gives rise to no private cause of action, since no one has the right to exemption from civil suit; but it is the policy of the law, on the other hand, that the courts should be open and that every citizen might freely resort thereto for redress of grievances, undeterred by fear lest, on some jury's capricious finding, he be held liable for heavy damages. Art. I, sec. 13, Const. of Texas; Smith v. Adams, 27 Texas, 30; Davies v. Jenkins, 11 M. & W., 754; 1 Hilliard on Torts, ch. 3, sec. 16; Cotterell v. Jones, 73 Eng. Com. Law, 727; Landa v. Obert, 45 Texas, 539; Johnson v. King, 64 Texas, 228.

*George C. Clough* and *Aubrey Fuller,* for appellee.—The bringing of a multiplicity of suits upon a cause of action, tainted with usury and known to have been paid in full, such suits having for their purpose the extraction of unlawful interest and unlawful demands, and seeking a foreclosure of personal property of much greater value than the amount of the debt, such suits being brought in the names of various and sundry persons, some having no connection therewith, not residents of this State, and in courts having no jurisdiction over the subject-matter of said suits, for the purpose of worrying, annoying and harassing the defendant into paying a sum of money which she did not owe, and which the plaintiff well knew she did not owe, gives a good cause of action for the actual damages resulting and expenses by the defendant in the defense of such suits, and for exemplary damages. Striker v. Drake, 136 Pac., 912; Johnson v. King, 64 Texas, 231; Hoyt v. Macon, 2 Col., 120;

Closson v. Staples, 42 Vt., 209; Bank v. Hinchman, 36 N. E., 664; Antcliff v. June, 10 L. R. A., 621; Carbondale Inv. Co. v. Burdick, 67 Kan., 329;   38 Cyc., 423-440.

Mrs. Cardwell having fully satisfied the mortgage, and holding receipt in full, it was her legal right to remain free from further molestation by these parties.   It was her legal right to be free from the multiplicity of suits brought against her.   This case falls fairly within Payne v. Donegan, 9 Ill. App., 566; and to the same effect see the following: O'Neil v. Johnson, 55 N. W., 601;   Smith v. Smith, 56 How. Prac., 316;   Pope v. Pollock, 4 L. R. A., 255; McPherson v. Runyon, 41 Minn., 524; Smith v. Burrus, 106 Mo., 84; McCardle v. McGinley, 44 Am. Rep., 343;   Brady v. Irvin, 48 Mo., 533; Lipscomb v. Shafner, 33 S. W., 818; See also the case of Closson v. Staples, 42 Vt., 209, as being very nearly akin to the case at bar.

In an action for damages, actual and exemplary, for the bringing of a series of suits, maliciously and without probable cause, attorney's fees incurred by the defendant in such suits are proper elements of actual damages.   Hughes v. Brooks, 36 Texas, 379;   Finley v. Mitchel, 50 Texas, 143;   3 Sutherland on Damages, 700-703; Hurlburt v. Boaz, 23 S. W., 448.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The question certified is whether a cause of action was alleged by appellee for damages, actual and exemplary, resulting from the institution against her, of seven suits, at the instigation of appellants.   It was averred that the suits were brought in furtherance of a conspiracy by the three appellants to unlawfully extort money from appellee, which appellants knew she did not owe;   that appellants used the names of other persons in bringing the suits; that as fast as appellee employed counsel to present her defense in each suit, it was dismissed and a new suit was filed in a different place; that the suits caused appellee great worry, annoyance, and physical inconvenience, and also caused her to lose sleep, peace of mind and business;   and that she incurred $50 attorney's fees; and, she prayed for the recovery of $250 actual damages and $700 exemplary damages.

The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property.   Smith v. Adams, 27 Texas, 30, Salado College v. Davis, 47 Texas, 134;   Johnson v. King, 64 Texas, 266.

It is claimed that the rule stated should not govern this case for two reasons.   First, that since in each suit a foreclosure was sought of an alleged chattel mortgage lien, there existed the re-

quisite interference with appellee's property; and, second, that the rule should not be applied to a series of unfounded and malicious suits, brought in furtherance of a conspiracy, in the names of third persons as well as of the conspirators.

It is obvious that the attempt to foreclose the chattel mortgage caused no seizure of any property. Besides, in Johnson v. King, *supra,* where there was an actual issuance of an attachment, the failure to seize any property under it was held fatal to the recovery of damages for maliciously suing out the attchment, without probable cause.

Under the rule, each suit could be maintained without liability to appellee save for the costs. Judge Gould, speaking for the court in Salado College v. Davis, *supra,* said: "In ordinary cases, where no further wrongful act is complained of than the institution of a groundless suit, though done knowingly and with intent to harass, the award of costs is, in contemplation of law, full compensation for the unjust vexation. (Cotterell v. Jones, 73 Eng. Com. L., 727).

"In such cases, the defendant recovers his costs, 'but no allowance is made for his time, indirect loss, annoyance, or counsel fees.' (Sedg. on Dam., 37.) He proceeds: 'Every defendant against whom an action is "unnecessarily" brought, experiences some injury or inconvenience beyond what the costs will compensate him for.' This injury or inconvenience results from a resort to the legally-constituted tribunals; and it seems to be the policy of the law to content itself with meting out something less than our ideas of natural justice would demand, rather than to increase the risks attending and discouraging such a resort, and at the same time add to the difficulties and intricacies of ordinary litigation."

If it is not an actionable wrong for one person to bring an unfounded suit, to harass a defendant and extort money from him, it cannot be actionable for two or more to join in the same sort of suit. The single actor is certainly no less culpable when he proceeds alone and the injury is the same when he acts alone or with others. As long as the law makes the imposition of the costs the sole penalty for the wrongful prosecution of civil litigation, without seizure of person or property, no greater penalty can be rightly imposed for a series of wrongful suits of that character than the imposition on the wrongful plaintiff of the accumulation of costs in the series of suits. Smith v. Adams, 27 Texas, 30.

The sound reasoning of Judge Stayton, in Johnson v. King, in discussing the opinion of the Supreme Court of Vermont in Closson v. Staples, 42 Vt., 209, 1 Am. Rep., 316, is conclusive against the contention that appellee ought to recover because appellants used the names of other parties in some of the suits against her. For Judge Stayton points out that where Staples caused Burnham to prosecute a suit against Closson in the name of Burnham on a note which had been paid to Staples, the true foundation for a

cause of action in favor of Closson, against Staples, was his use of an irresponsible person to bring the suit, so as to shield himself from the judgment for costs, that being the relief which the law affords for such a wrong. 64 Texas, 230.

Here, there is no allegation that any person, whose name was used in the suits against appellee, was not as solvent as appellants, and it is fairly inferable from the petition that all costs were paid by the plaintiffs in the several suits or were adjudged against them alone.

We answer that, as held in the original opinion of the Court of Civil Appeals, the petition of appellee presented no cause of action for damages by reason of the mentioned suits.