## PANHANDLE LUMBER CO. v. FAIREY et ux. (No. 2865.)

Court of Civil Appeals of Texas. Amarillo. Jan. 11, 1928.

Rehearing Denied February 15, 1928.

1. **Homestead** ⬅️213—Overruling general demurrer to petition alleging wrongful enforcement of lien against homestead held error.

Overruling general demurrer to petition alleging defendant wrongfully asserted lien on plaintiffs' homestead *held* error, since there was no allegation therein that defendant's suit was malicious, or that judgment lien it sought to enforce was invalid, except as to the homestead, and defendant had valid lien against land not exempted from forced sale.

2. **Malicious prosecution** ⬅️26—Action cannot be sustained because of prosecution of ordinary civil suit to enforce claim.

An action for damages cannot be sustained for institution and prosecution of ordinary civil suit for purpose of enforcing a claim real or unfounded.

3. **Malicious prosecution** ⬅️25(1)—Suit for collection of debt and issuance of wrong attachment does not constitute cause of action, where attachment was not executed.

Bringing suit for collection of a debt and issuing attachment therein on affidavits stating grounds that did not exist does not constitute cause of action, where writ of attachment was not executed.

4. **Malicious prosecution** ⬅️25(1)—No action for damages lies because of attachment levy on homestead; levy being nullity, and not affecting owner's rights.

An attachment levied on homestead cannot be basis of cause of action for damages against party causing levy, because levy is a nullity, and neither disturbs possession nor affects owner's rights.

**5. Homestead ⚭103—Judgment lien does not attach to homestead of judgment debtor while property remains a homestead.**

A judgment lien does not extend or attach to homestead of judgment debtor so long as property remains the homestead.

**6. Malicious prosecution ⚭25(1)—Suing to foreclose judgment lien against homestead and giving lis pendens notice thereof held not actionable.**

Since levy of wrongful attachment against homestead cannot be basis of action against party causing levy, instituting suit to foreclose judgment lien alleged to be fixed against homestead, and giving lis. pendens notice thereof, does not constitute actionable· damages.

**7. Malicious prosecution ⚭25(1)—Judgment creditor held within rights in suing to foreclose judgment lien on excess value of lot over homestead right as affects liability· for such action.**

Where value of lot claimed as a homestead exceeded $5,000, exclusive of improvements, susceptible of partition, judgment creditor was within his legal rights in suing to foreclose its lien on such excess.

**8. Homestead ⚭62, 66—Excess above 200 acres of land and above $5,000 is subject to laws applicable to nonexempt property.**

Excess above 200 acres of land and above $5,000 is. not homestead, and is subject to laws applicable to nonexempt property.

**9. Malicious prosecution ⚭72(5)—In action for alleged wrongful attempt to enforce lien on homestead charge that jury might consider value at date of trial held error.**

Where plaintiffs alleged that defendant wrongfully sued to foreclose a lien on a lot which they claimed as a homestead, charge that jury might consider, as an element of damage, value of lot, exclusive of improvements at date of trial, was error, since value of lot at that time could not be considered measure of plaintiffs' recovery.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by G. C. Fairey and wife against the Panhandle Lumber Company. From a judgment for the plaintiffs, defendant appeals. Reversed and remanded.

Madden, Adkins & Pipkin, of Amarillo, for appellant.

F. P. Works and E. T. Miller, both of Amarillo, for appellees.

JACKSON, J. This suit was instituted in the district court of Potter county, Tex., by the appellees, G. C. Fairey and wife, Lou Fairey, against the appellant, Panhandle Lumber Company, a corporation, to recover damages alleged to have been suffered by appellees on account of a suit instituted by appellant in the district court of Potter county, Tex., to foreclose an alleged judgment lien .against certain real estate claimed by the appellees to be their ·homestead.

The appellees allege:

That they were and are husband and wife, and on November 25, 1925, they owned and resided upon lot No. 13, in block No. 10, of the San Jacinto Heights addition to Amarillo, Tex., which lot constituted their homestead. That on said date they exchanged said San Jacinto Heights property to G. E. Mickle and husband, Joe J. Mickle, for the west 80 feet of lot No. 10 in block No. 119 of the Plemons addition to the city of Amarillo, which lot faces 60 feet on Taylor street and 80 feet on Ninth street. That the consideration in the deed to the Mickle lot is recited as $17,000, $6,566 paid in cash, which was the sum named as the value of the San Jacinto property, and that the remainder of the $17,000 was paid by the assumption by appellees of the payment of $4,030.22, due· October 31, 1926, with 10 per cent. interest per annum from November 25, 1925, secured by a lien on the Mickle lot; the assumption of the payment of $244.27 taxes, and the execution of five notes due February 15, 1926, aggregating the sum of $3,759.77. That the Mickle lot, at the time of the exchange, was of the market value of $13,000, and the San Jacinto property was of the market value of $10,000. That the recited consideration of $17,000 in the deed for the Mickle lot was excessive in the sum of $4,000, and the recited consideration in the deed for the San Jacinto property was excessive in the sum of $2,000. That the appellees conveyed the San Jacinto property subject to a lien thereon for the sum of $5,434, and appellees' equity in the San Jacinto property was of the market value of $4,500. That. by said exchange the appellees invested their equity in their San Jacinto home in the Mickle lot, ·which thereby became, and was intended to be and constitute, their homestead. That the lot on which their San Jacinto home was. located was of the market value of $1,000.

That in July, 1925, the appellant filed a suit against G. C. Fairey in the county court of Potter county, Tex., which he in good faith contested on good grounds, in the opinion of himself and his attorney, but judgment was rendered in said suit on December 12, 1925, in favor of appellant, for the sum of $572.25. That the appellant caused an abstract of said judgment to be filed, recorded, and indexed in the judgment records of Potter county, Tex., on December 16, 1925, in an effort to fix a lien on the property of G. C. Fairey, to secure ·the payment of said judgment, but no lien was legally and in reality thereby created against the Mickle lot, which was acquired by appellees for the express purpose of a homestead and they had no other property, all of which was known to the appellant.

That, on receiving the title to the Mickle property, they began permanent improvements thereon for the use and occupancy

⚭For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes .

thereof as a home, preparing a foundation for the building of a residence and rooming house. That they had made and entered into a contract with W. M. Moore Lumber Company to furnish the material, labor, and necessary funds for the completion of said building as a residence and rooming house, and for the payment of the purchase money due on the Mickle lot by appellees. That it was agreed between them and said lumber company that such amount of the cost of the improvements and such amount of the unpaid purchase money as could be transferred to and carried by a loan company should constitute a first lien against the Mickle lot and the improvements placed thereon, and the balance should constitute a second lien and be carried by said lumber company. That it was contemplated that $26,500 would be required to finance the transaction, and the repayment of said amount was to be arranged so as to protect appellees in their homestead and their interest in said property, of all of which the appellant had notice.

That, in furtherance of their plans to improve and use the Mickle lot and their interest therein as their homestead, they made a contract with Chas. Nicholson, and he prepared plans and specifications for, and agreed to supervise the construction of, said improvements, and G. C. Fairey was to devote his time and labor to laying, and directing the laying, of the brick in said improvements. That the said Chas. Nicholson was ready, willing, and able to perform such agreement, and that the improvements would have been completed at a cost to appellees of not exceeding $18,000, and the Mickle lot, with the improvements placed thereon, would have been saved to appellees with an incumbrance of not exceeding $26,500. That, in the arrangements with the said Nicholson and the said lumber company, prices and costs of labor and material had been worked out and determined. That on December 14, 1925, after the judgment obtained in the county court in favor of appellant, the appellees feared that the appellant would abstract and record said judgment and interfere with the financing of the contemplated improvements by said lumber company, although the abstracting of such judgment would not, in fact or in law, create a lien upon the Mickle lot. That, in order to avoid the appearance of the judgment lien, and being advised that they could properly do so, on December 14, 1925, appellees conveyed the Mickle lot to Chas. Nicholson in trust to further complete their arrangements for improving said lot and protecting it for themselves. That such conveyance was without consideration, and appellant had notice of the purpose in making such deed. That appellees had no means of protecting the Mickle lot from the attempted foreclosure of such invalid lien in time to prevent a foreclosure of the notes evidencing the deferred payments of purchase money, because $4,500 of such amount was to mature on February 15, 1926, and the owner of said notes and the lien securing the payment thereof was demanding prompt payment of said notes when due, and default in the payment of said notes matured all the purchase-money notes against the Mickle lot.

That the appellant, on the 15th of January, 1926, filed in the district court of Potter county, Tex., a suit against appellee G. C. Fairey and Chas. Nicholson, alleging its judgment and the abstracting thereof as a lien against the Mickle lot. That G. C. Fairey was the owner thereof, and Chas. Nicholson was claiming some interest in the premises, but such interest was inferior to the lien of appellant and asked for a foreclosure of such lien, with an order of sale, etc. That, in connection with the filing of said suit to foreclose its judgment lien, the appellant filed and recorded a lis pendens notice of such suit, giving notice that it was asserting and seeking to foreclose its judgment lien upon the Mickle lot. That the filing of such suit, the wrongful assertion of such lien, and the recording of the lis pendens notice thereof by appellant caused the loan company to refuse to complete the loan on the property and the Moore Lumber Company to refuse to finance the improvements and carry out its agreement to assist appellees in making and completing said improvements. That, as a proximate result of said acts of appellant, the appellees have suffered the damages alleged, and, on account of the refusal of the lumber company to go forward with the advancements for the improvement of said Mickle lot, appellees were compelled, on February 13, 1926, to quitclaim it to Chas. Nicholson, W. P. Cooper, and Ren Henson, without consideration. That but for said wrongful acts of appellant in asserting its judgment lien, which it knew to be invalid, they would have completed the contemplated improvements and saved themselves from loss. That G. C. Fairey was using his best efforts to pay the judgment at the earliest possible moment, and offered security therefor.

That the suit of appellant to foreclose its alleged judgment lien was filed January 15 and returnable January 25, 1926, and there was not sufficient time to secure a trial and disposition of the questions involved before the obligations due on February 15, 1926, for the purchase money, would mature and be foreclosed. That, in preparing for the improvements upon the Mickle lot, appellees had made an excavation for the foundation of the building at a cost of $150, making their total investment in the Mickle lot $4,650; that said lot had materially increased in value, and, at the time of filing the suit, was of the market value, exclusive of improvements, of $28,000. That, as the proximate result of appellant's wrongful acts, the appel-

lees have suffered the loss of the value of their equity in their San Jacinto home, $4,500, the cost of the excavation made on the Mickle lot, $150, and the increased value of said Mickle lot, $15,000. That if, for any reason, they are not entitled to recover the above amounts, they are entitled to recover the value of their equity in their San Jacinto property, $4,500, one-third of the cost of the exca-vation, $50, and one-third of the increased value of the Mickle lot, $5,000. That the Mickle lot was and is susceptible of partition and division, by which appellees' homestead interest therein could have been segregated, and, if it should be held that they cannot recover the entire property because the value thereof, exclusive of improvements, exceeds $5,000 the appellees would show that their homestead interest could and would have been protected by partition or other methods provided by the laws of Texas.

Appellant answered by general demurrer and numerous so-called special exceptions, but which, in effect, were but general demurrers leveled at different portions of appellees' petition, and we deem it unnecessary to state the contents of such demurrers.

The appellant pleaded general denial, alleged that the Mickle lot was not the homestead of appellees; that it had a right to foreclose its lien as long as it proceeded according to law, which it did; that, if the acts of appellees constituted a portion of the Mickle lot their homestead, the whole of said lot was of a greater value than $5,000 exclusive of improvements, and it had the right to institute a suit to foreclose its judgment lien and subject the excess value of said lot to the satisfaction thereof; that it acted in good faith, proceeded in a lawful manner for foreclosing such lien, and that appellees did not answer said suit nor urge any homestead claim to defeat the foreclosure of appellant's lien; that G. C. Fairey contested appellant's suit in county court, and, after judgment was obtained against him, appellees conveyed the Mickle lot to Chas. Nicholson by warranty deed, all of which is admitted in appellees' petition, which refuted any intention on the part of appellees to make the Mickle lot their homestead or impress it with the character of a homestead.

The appellees, by supplemental petition, in reply to appellant's answer, urged numerous demurrers, and pleaded in effect a general denial.

On the answers of the jury to special issues submitted by the court in his main charge, and special issues submitted by the court at the request of the appellees and appellant, the court rendered judgment for appellees against the appellant for the sum of $4,500, the value of their equity in the San Jacinto property, and $4,666.66, one-third of the increase in the value of the Mickle lot, exclusive of improvements, from the time of its purchase to the date of the judgment, making a total judgment of $9,166.66, with 6 per cent. interest thereon per annum from the date of the trial, December 22, 1926, etc.

[1] The appellant presents as error the action of the court in overruling its general demurrers, because it appears from the allegations in appellees' petition that appellant had a valid judgment lien against all the real estate of G. C. Fairey not exempt from forced sale; that it instituted its suit in a court of competent jurisdiction to foreclose such lien against the Mickle lot, and filed a lis pendens notice of such suit; that the value of the Mickle lot, exclusive of improvements, exceeded $5,000, and was susceptible of partition; that the suit filed by appellant to foreclose its lien and the lis pendens notice given thereof did not create a lien against the homestead of appellees; that the petition failed to allege malice or want of probable cause, failed to allege the issuance of any writ of process under which the Mickle lot was seized, injuriously affected, or the possession thereof taken, and did not allege facts that show appellant's suit to foreclose its lien was anything other than an ordinary civil suit.

[2] The law in this state, announced by an unbroken line of decisions by our Supreme Court, is that an action for damages cannot be sustained for the institution and prosecution of an ordinary civil suit for the purpose of enforcing a claim, real or unfounded. There is no allegation in appellees' petition that appellant's suit was malicious or that the judgment lien it sought to foreclose was invalid, except as to appellees' homestead.

"Every one is liable to be harassed and injured in his property and feelings by unfounded suits, but this is not an injury for which he can have legal redress. To give a right to such redress, there must not only be a loss, but it must have been caused by the violation of some legal right." Smith v. Adams, 27 Tex. 29.

"This was an ordinary civil suit, in which no extraordinary process was sued out, and, if the indirect effect of the suit was to interfere with the sale of the property which was to some extent the subject-matter of litigation, this is not such an injury as the law regards or makes actionable." Salado College v. Davis, 47 Tex. 131.

"The award of costs is, in contemplation of law, full compensation for the unjust vexation." Salado College v. Davis supra.

[3] Bringing suit for the collection of a debt and issuing an attachment therein on an affidavit stating grounds therefor, that did not exist, where the writ of attachment was not executed, did not constitute a cause of action. Johnson v. King, 64 Tex. 226.

Citing the above decisions, Associate Justice Greenwood, in Pye v. Cardwell, 110 Tex. 573, 222 S. W. 153, says:

"The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits, with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property. * * *

"It is claimed that the rule stated should not govern this case for two reasons. First, that since in each suit a foreclosure was sought of an alleged chattel mortgage lien, there existed the requisite interference with appellee's property; and, second, that the rule should not be applied to a series of unfounded and malicious suits, brought in furtherance of a conspiracy, in the names of third persons as well as of the conspirators.

"It is obvious that the attempt to foreclose the chattel mortgage caused no seizure of any property. Besides, in Johnson v. King, supra, where there was an actual issuance of an attachment, the failure to seize any property under it was held fatal to the recovery of damages for maliciously suing out the attachment, without probable cause."

Unless the allegations in appellees' petition that the Mickle lot was intended for and constituted their homestead brings their suit under the rule that an unlawful and wrongful seizure or interference with property is actionable, the law, as announced in the foregoing decisions, is conclusive that appellees failed to allege a cause of action against the appellant.

The appellees pleaded that the abstract of the judgment obtained by appellant in the county court and the suit in the district court to foreclose appellant's judgment lien, and the lis pendens notice given thereof, did not constitute a lien against the Mickle lot, because it was exempt as their homestead, all of which was well known.

[4] An attachment levied upon a homestead cannot be the basis of a cause of action for damages against the party causing the levy because such levy is a nullity, and neither disturbs the possession nor affects the rights of the owner. Trawick v. Martin-Brown Co., 79 Tex. 460, 14 S. W. 564.

[5] "It is a settled rule of law in this state that a judgment lien does not extend or attach to the homestead of the judgment debtor as long as the property remains the homestead." Savage v. Cowan et al. (Tex. Civ. App.) 113 S. W. 319.

The attempted foreclosure by appellant of its judgment lien against the Mickle lot, if appellees' allegations that it was a homestead are true, was a nullity, and neither disturbed their possession nor affected their rights.

[6] We think it clear that, if the levy of a wrongful attachment against the homestead cannot be the basis of an action for damages against the party causing the levy, the institution of a suit to foreclose a judgment lien alleged to be fixed against the homestead, and giving lis pendens notice of such suit, would not constitute actionable damages.

"An action collusively prosecuted, prosecuted when the parties to it all know that there is no right to enforce, has never been held to operate as lis pendens. 2 Sug. on Vendors, 534; Murray v. Ballou, 1 Johns. Ch. [N. Y.] 571. And so, for the simple reason that no prejudice can result to the right of any one by not so regarding it." Rippetoe v. Dwyer, 65 Tex. 703.

In Spillman v. Weston (Tex. Civ. App.) 200 S. W. 557, although the levy of an attachment on land was wrongful, and prevented an additional loan thereon, and, as a result of the levy, the owner was unable to pay the interest on a prior loan secured by a deed of trust, which, by reason thereof was matured, placed in the hands of an attorney, the land advertised for sale, and the owner, in order to prevent the sale, was required to pay a bonus to a money lender to induce him to carry the debt, it was held that neither the bonus, the attorney's fees, nor the advertising expense were recoverable as damages, because too remote, and not the natural consequences of the wrongful attachment.

[7] The appellees allege that the Mickle lot, which they aver constituted their homestead, was, if the value thereof exceeded $5,000, exclusive of improvements, susceptible of partition. Hence, if there was such excess, it was subject to appellant's judgment lien, and such lien, to that extent, was valid, and appellant acted within its legal rights in suing to foreclose such lien on such excess. Harrison v. First National Bank (Tex. Com. App.) 238 S. W. 209; Clement v. First National Bank (Tex. Com. App.) 259 S. W. 561.

[8] "The courts cannot protect that which is not homestead, and the excess above two hundred acres and above five thousand dollars has alike been uniformly held not to be homestead, and consequently subject to the laws applicable to nonexempt property." Whiteman et al. v. Burkey et al., 115 Tex. 400, 282 S. W. 788.

It is our opinion that the court committed error in overruling appellant's general demurrer.

[9] Appellant challenges as erroneous the charge of the court instructing the jury that they might consider as an element of damages the value of the Mickle lot, exclusive of improvements, at the date of the trial, because, in no event, could the value of the lot, at the date of the trial, be considered the measure of appellees' recovery for such item of damages. This assignment is sustained. Trinity & S. Ry. Co. v. Schofield, 72 Tex. 496, 10 S. W. 575.

Appellant challenges as error the finding of the jury to the effect that appellees had provided for the payment of the incumbrances on the Mickle lot, and would have saved their equity therein had not appellant attempted to enforce collection of its judgment and placed its lis pendens notice of record,

because the testimony does not warrant such finding.

Without reciting the testimony found in the record, we seriously question its sufficiency to support this finding.

If we are correct in the foregoing conclusions, it is unnecessary to discuss separately the numerous other assignments presented.

The judgment is reversed, and the cause remanded.