## BETHURUM et al. v. BROWDER.
### No. 4583.

Court of Civil Appeals of Texas. El Paso.
Oct. 13, 1948.

Rehearing Denied Nov. 3, 1948.

White & Yarborough, of Dallas, for appellants.

Bird & Bird and D. D. Bird, all of Dallas, for appellee.

PRICE, Chief Justice.

This is an action by Mrs. Anna Browder for the construction of the will of Mrs. Mary A. Browder, deceased, and a declaratory judgment as to the powers and duties of the independent executor of Mary A. Browder's will, and a declaration as to the effect of a devisee under the will seeking by action to have certain property partitioned in kind. Parties defendant are E. A. Bethurum, independent executor of the estate of Mary A. Browder, deceased; Mrs. Elizabeth Bethurum, wife of E. A. Bethurum; Mrs. Ellie Cooley, a widow, and Mrs. Orphy Lay and her husband. Defendants, save E. A. Bethurum in his capacity as executor, and the husband of Mrs. Orphy Lay, were devisees under the will of Mrs. Mary Browder, deceased. The plaintiff, Mrs. Anna Browder, is the daughter-in-law of the deceased Mrs. Mary A. Browder, and the independent executor and sole devisee of W. H. Browder, deceased.

The court entered judgment declaring that Bethurum as executor by failing to act

for several years had not lost power to partition the land in controversy, further that a devisee or one holding under a devisee would not lose the devise under paragraphs 6 and 7 of the will by filing a suit seeking a partition in kind; that Bethurum as executor had not lost the right to exercise the discretion of determining the kind of partition to be made and that Bethurum as executor did not have the power or right to prevent indefinitely the devisees from enjoying the estate devised to them. From this judgment the defendants appealed, and from a judgment adverse to a cross-action urged by them seeking an allowance of attorneys fees against the plaintiff.

At the time of her death Mrs. Mary A. Browder was seized and possessed of about 112 acres of land in Dallas County. Her will disposed of same as follows: To J. W. Browder, a son, she gave what she designated as "the old home place" for his life as a home. This we take it is contiguous to the land the subject matter of this controversy. It consists of about four acres. There is a provision that her grandson, Howard Edward Cooley, should occupy same with her son and to have a home for his life if he so elected. The remainder was devised to her other son and three daughters. Paragraphs 4, 6 and 7 of the will are as follows:

"Fourth: All the rest of my real estate, I hereby will and devise unto my four remaining children, share and share alike, to-wit: my son, W. H. Browder, and my three daughters, to-wit: Mrs. Etta May Cooley, a widow, Mrs. Ellen Elizabeth Bethurum, wife of E. A. Bethurum, and Mrs. Orphy Irene Lay, wife of Joe Lay. It is my will that the said realty so devised, except that devised to J. H. Browder specially, be partitioned among my four said children just hereinabove named, if in the opinion of my Executor same is susceptible of fair and equal division; but, if in the opinion of my Executor it is impracticable to make a fair and equal distribution thereof, then, in such event, I direct my Executor to sell same for such price, and on such terms as to him seems fair, and divide the proceeds of such sale equally among those entitled thereto under this will.

"Sixth: It is my wish that all my said devisees act in harmony with my executor, and with each other, and I desire that they accept under the terms of this will, as I deem it just and fair. If any of my devisees refuse to accept under this will, or if any contest it made thereto, or if any of them refuse to abide by the decisions of my Executor, then, in such event, such devisees shall forfeit their rights and interests unto those who accept hereunder, and such rights and interest so forfeited shall vest in those devisees accepting under this will, share and share alike.

"Seventh: I hereby constitute and appoint my beloved son-in-law, E. A. Bethurum, in whom I have the utmost confidence, sole Independent Executor of this my Will and of my said Estate, and his acts in the administration of same shall be binding on all concerned. I direct that no bond or security of any kind shall be required of him in the administration of my Will and Estate, and that no action shall be had in the County Court other than to prove this Will, and record same, and to return an inventory, appraisement and list of claims."

As has been stated, the appellee is the widow of W. H. Browder, deceased, who died subsequent to the death of his mother, Mary A. Browder. Appellee is the independent executor of the will of her deceased husband and sole devisee thereunder.

Appellants' first three points relate to the court's overruling their special exceptions, asserting in substance that the will in question is clear and unambiguous and requires no construction; that plaintiff's petition fails to set up wherein same is ambiguous and any dispute relative to the construction thereof.

Paragraph 6 provides for a forfeiture of the interest of the devisee refusing to abide by the decisions of the independent executor. The only specific power conferred upon the executor under the will is that giving him the power to make a decision as to whether the property be partitioned in kind or the property be sold and the proceeds divided. We think there is some ground to apprehend that a suit by a devisee seeking a partition in kind might

contravene this provision. Of course it would not do so unless the executor had manifested an intent to sell the property to partition same. The executor is endowed with the power and charged with the duty of partitioning the property. There must be some discretion as to when the partition be made and at least he would have a reasonable time to do this after the completion of the administration.

The administration of an estate is a trust. It is a trust of expedition. While the briefs of the parties fail to show that all of the debts have been paid the evidence seems clearly to indicate that save for partition the estate has been completely administered. This administration has pended for about eight years. There is no statutory method of closing the administration in the County Court; as stated an administration is a trust of expedition. Eight years is a long time for such administration to pend. After the lapse of eight years it was important or at least desirable to have it authoritatively determined that the executor had not lost the power to partition if a sale were necessary, a better price could perhaps be realized if a judgment declaring the executor had the power to sell; so as to partition in kind. If it were determined that this property could rightfully be partitioned, the administration having been completed it would tend to establish a record title in the devisees, or if a sale were made that the executor had the power to make same.

There is little distinction between the contention that long delay had barred the power to sell by the executor and the contention urged here by appellants that appellee is barred by limitation from seeking a construction of this will. Appellants made the latter contention. In our opinion neither contention has merit. However, the latter contention was urged by appellants, we assume in good faith.

It is true that a testator may impose conditions on his devisees that he would not have the power to impose upon creditors. However, to indefinitely postpone partition would amount to a thwarting of the intention expressed in the will; it would amount

to a breach of trust. In our opinion this will is not susceptible of the construction that such power is conferred upon the executor; the will imposes the duty upon the executor to complete the administration within a reasonable time and to effect the partition in such reasonable time. However, the long delay in making a partition might be reasonably construed as an assertion by him of this power.

It is thought in view of paragraph 6 of the will devisees might be reasonably apprehensive that seeking to enforce partition in kind might be a refusal to accept the decision of the executor and give ground for forfeiture.

This judgment is in no way adverse to appellants. The executor contends that he has the power to sell this property to effect a partition thereof. The judgment so declares. He testified the only reason he had not sold same was because he had been unable to find a buyer. The will conditionally empowers him to partition in kind or by sale. It is a fair inference from his testimony that save for partition the administration is complete. The judgment in no way interferes with his duty to partition this property; the executor and the other appellants do not assert that the executor can or should indefinitely prevent the devisees from enjoying this property, or that the powers given the executor had been waived. As has been shown, it was declared in the judgment a devisee or one holding under a devisee would not by filing a suit seeking partition in kind, lose the devise under the will. The other portions of the judgment prevent a successful maintenance of such a suit against the discretion of the executor to sell if he deemed a fair and equal partition could not be made otherwise. This power to make the decision as to the mode of partition is not an arbitrary power. In order to have power to sell the property to partition same the executor must entertain the honest opinion that it is impracticable to make a fair and equal partition in kind. An executor is a trustee, and in the exercise of powers conferred upon him by the will appointing him as such he is bound to exercise the utmost

good faith. Under this will he has only power to sell if in the exercise of good faith he entertains the opinion the only practical way to insure that there be a fair and equal partition is by selling the property.

This property is within the city limits of Dallas. It is hard to credit the testimony that the executor has been unable to sell same. This property vested in the devisees under the will about eight years ago; subject to administration the power was conferred and the duty incumbent upon the executor to partition this property when the estate had been administered. The will did not specify at what time the partition be affected, but as has been stated, an administration is a trust of expedition—it was and is his duty to act within a reasonable time. Eight years would seem to be a reasonable time in which to administer the estate and effect the partition. The will conferred a discretion as to the mode of partition but no discretion was conferred as to the time of partition. It was not his province to determine that the property should never be partitioned. It was his clear duty to partition same in a reasonable time. A failure to perform this duty in a reasonable time is a want of conformity to the duty created by the will. Beyond a doubt it is now the duty of the executor to partition this property. In the judgment it is declared that he has under the will the power to determine whether or not a sale is necessary to effect a fair partition.

This appeal is from a judgment in all substantial particulars in favor of appellants. In no way does its declarations contravene the legal rights of appellants. In no way does it hamper or restrict them. If not implicit therein it might well have declared it was the duty of the executor to proceed with reasonable dispatch to partition the land. We do not understand that appellants question this—the only excuse the executor urges is the failure to find a purchaser. We find no error in the judgment insofar as it declares the rights of plaintiff and the duties and power of the executor.

Under the terms of the Act providing for declaratory relief in our opinion the court had the power and duty to render the judgment entered. Vol. 4, Tex.Jur. 10 year Sup. Sec. 18, p. 131.

There is complaint that the court erred in not entering judgment in favor of White & Yarborough for attorneys fees in the sum of $1,000. It is apparent from the record that there is no merit in this contention. White & Yarborough are not parties to the record. A recovery of attorneys' fees was sought in the cross-action of appellants on the ground that the appellee was actuated by malice in filing this suit. Were malice shown by the evidence, which it is not, this standing alone would not entitle appellants to recover. This quotation from Judge Greenwood's opinion in the case of Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153, seems to have controlling force here:

"The rule is firmly established in Texas which denies an award of damages for the prosecution of civil suits with malice and without probable cause, unless the party sued suffers some interference, by reason of the suits, with his person or property.

"Smith v. Adams, 27 Tex. [28], 30; Salado College v. Davis, 47 Tex. [131], 134; Johnson v. King, 64 Tex. 226."

If the trial court had jurisdiction to allow White & Yarborough for services to the estate, payable out of the estate of Mary A. Browder, deceased, this jurisdiction was never invoked.

The judgment taxes the costs against the estate of Mary A. Browder, deceased. This portion of the judgment is not assailed. There is no such legal entity or personalty as the estate of Mary A. Browder, deceased. This being the case the estate as such has no rights and is subject to no duties. It does not amount to a judgment against the executor and by no stretch of reasoning could it be construed as a judgment against the individual defendants. In any event there is no point of error urged against same in this respect. It is not urged that costs should have been taxed against the appellee. It is not the province of this court under the assignments to determine against whom the costs

below should have been taxed. It may be, but we do not so decide, that the judgment taxes said costs as a matter of law against the parties respectively incurring same.

There is no reversible error in this case, and it is ordered that same be in all things affirmed.