Frank MOORE, et al., Appellants,

v.

Roger C. FINHOLT, Appellee.

No. 1507.

Court of Appeals of Texas,
Tyler.

July 15, 1982.

Wilfried H. Florin, Jeffrey L. Lynch, Vial, Hamilton, Koch, Tubb, Knox & Stradley, Dallas, for appellants.

David Pruessner, Coke & Coke, Dallas, for appellee.

SUMMERS, Chief Justice.

This is a suit brought by appellants Frank Moore (Moore) and Moore Modern Builders, Inc. (Modern Builders) against Roger C. Finholt (Finholt) seeking damages for Finholt's alleged malicious prosecution of a counterclaim against them in a prior civil suit.[1] Appellants have appealed from a summary judgment granted by the trial court dismissing their cause of action.

We affirm.

The prior civil suit concerned a dispute arising out of a purchase of land by Floyd Bryant from Roger Finholt. The purchase was brokered by Bennet Strickland, an employee of William Hooper Realtors. The land is located on Military Parkway, Dallas County, Texas.

In purchasing this property Bryant executed a promissory note payable to Finholt and secured by a deed of trust. The promissory note called for monthly payments in the amount of $357.84, beginning December 1978.

1. Cause No. 79–5640–A, styled Floyd Bryant vs. Bennet Strickland, Everett H. Veach, Jr., Roger C. Finholt, William Hooper and Clinton Foshee, Trustee vs. James Frank Moore and Moore Modern Builders, Inc. in the 14th District Court of Dallas County, Texas.

On or about December 18, 1978, Bryant entered into a contract with Moore and Modern Builders for the sale and construction of a metal building on the Parkway property. It was then discovered that utilities were not in place on the Parkway property, and consequently a building permit could not be issued for construction of the building. A dispute arose between Bryant and the defendants in the prior civil suit (Cause No. 79–5640–A) as to whom between them was required to bear the costs of the placement of utilities on the property.

Bryant subsequently purchased an alternate tract of land on Carr Street, Dallas County, Texas, for construction of the building and in April 1979 discontinued making monthly payments to Finholt on the Parkway property. When Finholt threatened to foreclose under the deed of trust, Bryant brought the prior civil suit against Finholt, Everett Veach (an employee of Finholt who closed the sale for Finholt), Bennet Strickland, and William Hooper. Bryant alleged fraudulent representations were made to him regarding the existence of utility services on the Parkway property and sought alternative remedies of treble damages or rescission. Bryant also preliminarily enjoined Clinton Foshee, Trustee, from foreclosing on the deed of trust pending resolution of the fraud claims.

Finholt counterclaimed against Bryant for the balance due on the promissory note. Finholt then joined as defendants to the counterclaim Moore and Modern Builders, alleging that they had tortiously interfered with the contractual relationship between Finholt and Bryant.

Appellants Moore and Modern Builders then counterclaimed against Finholt alleging that Finholt's counterclaim against them constituted malicious prosecution. The trial court severed the appellants' claim for malicious prosecution and abated same pending resolution of the larger suit. The severed claim for malicious prosecution was assigned Cause No. 79–12786–A and is the instant suit in which appellants have prosecuted this appeal from a summary judgment rendered in favor of Finholt therein.

The larger lawsuit (Cause No. 79–5640–A) was eventually settled with the exception of the Finholt counterclaim against appellants for tortious interference. On January 28, 1980, the trial court entered an order dismissing without prejudice the Finholt counterclaim. By the same order, all remaining claims between the then remaining parties were dismissed with prejudice, bringing Cause No. 79–5640–A to an end.

On February 29, 1980, Finholt filed his motion for summary judgment, seeking dismissal of the claim of Moore and Modern Builders for malicious prosecution. The trial court signed an order granting Finholt's motion for summary judgment on May 27, 1980.

Appellants Moore and Modern Builders have predicated their appeal upon a single point of error in which they complain that the trial court erred in granting Finholt's motion for summary judgment since Finholt failed to sustain his burden of negating the existence of a genuine issue of material fact concerning Moore and Modern Builders' suit for malicious prosecution.

Moore and Modern Builders alleged that as a result of the *filing and pendency* of Finholt's counterclaim in the prior suit, the plaintiffs' property and ability to earn a living was substantially interfered with in that Modern Builders was unable to obtain construction bonds necessary and essential to obtaining construction jobs, and that their failure to obtain such bonds caused them to lose construction business and resulting profits.

■ In the prosecution of a civil suit brought with malice and without probable cause, damages are denied unless the party so sued suffers some interference with his person or property. *Pye v. Cardwell,* 110 Tex. 572, 222 S.W. 153 (Tex.1920), citing three early cases by our Supreme Court in support of this rule: *Smith v. Adams,* 27 Tex. 28 (1863); *Salado College v. Davis,* 47 Tex. 131 (1877); and *Johnson v. King and Davidson,* 64 Tex. 226 (1885).

Moore and Modern Builders contend that they suffered an "actual interference with

their property" due to their inability to obtain construction bonding essential to the profitable operation of their business and that this constituted such "special damages" as are required by Texas law. They further contend that the effect of Finholt's action was to place them under the restraint of a "defacto injunction" and that Finholt's counterclaim was instituted without probable cause.

In its judgment, the trial court found in part:

The summary judgment evidence on file herein conclusively establishes as a matter of law that the alleged malicious prosecution involved no more than the mere filing of a civil action, and that no process was issued or used in any way to interfere with the person or property of Plaintiffs. Without more, it is not material that Plaintiffs may have suffered injury to their business as a result of the filing of the civil action.

From the record before us, we agree with this finding.

 The mere filing of a civil suit resulting in damage to the defendant is not such an interference with the person or property of the defendant as will support an action for malicious prosecution. Moore and Modern Builders have alleged they suffered damages resulting from the *filing or pendency* of Finholt's counterclaim. They did not allege or now contend that Finholt wrongfully sued out *any process* which interfered with their person or property. The mere bringing of a civil suit, no matter how unfounded or unjust, is not actionable as malicious prosecution in this state. *Salado College v. Davis, supra; Smith v. Adams, supra; Butler v. Morgan,* 590 S.W.2d 543, 545 (Tex.Civ.App.—Houston [1st Dist.] 1979, writ ref'd n.r.e.); *Louis v. Blalock,* 543 S.W.2d 715 (Tex.Civ.App.—Amarillo 1976, writ ref'd n.r.e.).

In *Louis v. Blalock* at 718–19, the court said:

Texas law has long recognized that everyone is liable to be harassed and injured in his property and feelings by unfounded suits, but that this is not an injury for which the one sued can have legal redress, except to visit the costs upon the party suing, *unless there is the wrongful suing out of some process by which property is seized and damage is sustained.* (Emphasis ours.)

We do not reach appellants' other contentions. The point of error is overruled.

Judgment of the trial court is affirmed.