**Stephen "Buddy" LUCE, Appellant,**

v.

**INTERSTATE ADJUSTERS, INC., Appellee.**

**No. 05–97–00395–CV.**

Court of Appeals of Texas, Dallas.

Sept. 8, 2000.

---

O. Glenn Weaver, Law Firm of Glenn Weaver & Associates, P.C., Irving, for Appellant.

Ellen A. Presby, John M. Frick, Mills Presby & Associates, L.L.P., Dallas, for Appellee.

Before Justices MORRIS, WRIGHT, and MOSELEY.

## OPINION

Opinion By Justice MOSELEY.

On the Court's own motion, we issue this nunc pro tunc opinion to correct clerical errors in our August 31, 2000 opinion. The following is now the opinion of the court.

Appellee, Interstate Adjusters, Inc. ("IAI"), sued appellant, Stephen "Buddy" Luce ("Luce"), for malicious prosecution. The jury found Luce liable and awarded IAI damages. Luce appeals and asserts, among other things, that the evidence was legally insufficient to support a finding that he initiated the suit against IAI with malice. In one cross-point, IAI argues that the court erred in instructing the jury that an essential element of a malicious prosecution cause of action is a finding of "malice in the commencement of the proceeding." Because we conclude there was no evidence to support the finding that Luce commenced the suit against IAI with malice, and that the trial court did not err in its instruction to the jury on the element of malice, we reverse the trial court's judgment and render judgment that IAI take nothing by way of its malicious prosecution claim against Luce.

### BACKGROUND

Kenneth and Nanette Young ("Mr. Young" and "Mrs. Young," respectively) were behind on their payments on their BMW automobile. On or about November

1, 1988, Mrs. Young drove the BMW to the dry cleaners. She went inside to pick up some clothes, leaving her four-year old son, Kyle, in the back seat. While Mrs. Young was in the cleaners, a tow truck hooked up to the BMW and began towing it away, with Kyle inside. When Mrs. Young saw what was happening, she ran down the street and caught up to the tow truck, which was stopped at a traffic light. A City of Southlake police officer saw Mrs. Young running and pulled in front of the tow truck. Mrs. Young retrieved the BMW and Kyle from the tow truck. Mrs. Young did not ask the policeman the name of the towing company responsible for the towing.

Mr. Young later contacted the Southlake Police Department and was informed that "Interstate Adjusters" was the company that towed the BMW. Mr. Young then contacted an attorney, Luce, to sue "Interstate Adjusters" and Wells Fargo Credit Corporation ("Wells Fargo"), the company financing the BMW, for damages resulting from the attempted repossession of the vehicle. Luce had one of his staff members contact the Secretary of State's Office for information on "Interstate Adjusters" at 2300 East Lancaster in Fort Worth, Texas. (Luce testified he did not know how he had obtained this address.) Luce was informed that the registered agent for Interstate Adjusters in Fort Worth was Mr. F.D. Thomas ("Mr.Thomas"), who was located at 3932 W. Davis, Dallas, Texas.

On January 20, 1989, Luce filed suit on behalf of the Youngs against Wells Fargo and Interstate Adjusters, Inc. in Dallas (IAI). Although Luce sued IAI, it is now undisputed that: (1) Interstate Adjusters in Fort Worth ("IAFW"), was the entity that towed the Youngs' BMW; (2) IAFW, which is the assumed business name of J. Hall Services, Inc., is an entity separate and apart from IAI; (3) IAI is owned by Mr. Thomas; and (4) IAFW is owned by Mr. Thomas's son-in-law, Mr. Jim Hall ("Hall").

Shortly after Luce filed the Youngs' suit, Mr. Thomas determined IAFW (and not his company, IAI) had towed the Youngs' BMW. Mr. Thomas called Luce's office and told someone there that IAI was not the correct defendant. Luce was made aware of Mr. Thomas's phone call. During discovery in the Youngs' suit, Wells Fargo also denied that IAI was responsible for towing the BMW, and provided Luce with a towing receipt indicating that it had hired IAFW to tow the Youngs' BMW.

However, IAI never filed an answer in the Youngs' suit. On behalf of the Youngs, Luce took an interlocutory default judgment against IAI. IAI subsequently prepared a Motion to Set Aside Interlocutory Default Judgment, but filed it in the wrong county; however, IAI did mail a copy of the motion to Luce, which Luce acknowledged receiving. In the motion, IAI denied it towed the Youngs' BMW and stated that IAFW had towed it.

The Youngs settled their claims against Wells Fargo for $5,000. Included in the settlement agreement was a release of IAFW, subject to a provision allowing claims to be made against IAFW if IAFW was successfully brought into the suit by IAI. Thereafter, a default judgment hearing was held at which Mrs. Young testified that IAI was the company that had towed the BMW. The Youngs obtained a final default judgment against IAI for $200,-270.00.

Thereafter, Luce sent post-judgment interrogatories to IAI. In response, Mr. Thomas and his wife, Debra Thomas ("Mrs.Thomas"), called Luce on separate occasions and left messages to inform him that IAFW was the company that had towed the Youngs' car. Luce did not return the calls. Luce then had a writ of execution issued against IAI on the Youngs' judgment. Pursuant to the writ, two constables seized two of IAI's wreckers. IAI then filed for protection under Chapter 11 of the Bankruptcy Code.

While the bankruptcy was pending, IAI filed a bill of review to set aside the default

judgment. At the hearing on the bill of review, Hall testified that his business, IAFW, had towed the Youngs' BMW, and that IAFW and IAI were separate companies. The trial court granted IAI's bill of review and set aside the default judgment against IAI. Luce appealed this judgment, but the appellate court affirmed.

IAI then filed this malicious prosecution suit against Luce, alleging that Luce maintained the action against IAI maliciously and without probable cause. At trial, IAI argued Luce could have discovered the distinct nature of IAI and IAFW if he had conducted a minimal investigation. IAI further contended that Luce maliciously prosecuted the case even after events occurred that raised doubt as to whether IAI was the correct party. Luce, however, contended that he believed IAI and IAFW were the same company because of their similar names and because of the familial relationship between their respective owners. He also averred that it was not uncommon for a business to have a different address from their registered agent. He urged that IAI's failure to file an answer to the Youngs' suit had the legal effect of admitting the facts alleged in the Youngs' petition, and thus he was further convinced that there was a business relationship between IAI and IAFW and that he had sued the correct party.

The trial judge instructed the jury, among other things, that in order to find Luce liable for malicious prosecution, they must find: "(1) the *institution or continuation* of civil proceedings against Interstate Adjusters, Inc.; (2) by or at the insistence of the Youngs or Luce; (3) *malice in the commencement* of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in Interstate Adjusters, Inc.'s fa-

vor; and (6) special damages." (Emphasis added.) The jury found Luce liable to IAI and awarded $300 in actual damages and $280,000 in punitive damages.

## DISCUSSION

■ In Luce's second point of error, he asserts that the evidence was legally insufficient to support a finding that he initiated the suit against IAI with malice. In one cross-point, IAI argues that the trial court erred in instructing the jury that it had to find Luce acted with malice in filing suit against IAI in order to find Luce liable for malicious prosecution. We address IAI's cross-point first.

### A. Elements of Malicious Prosecution

■ Malicious prosecution causes of action, whether based on prior civil or criminal cases, are not favored under the law. *See Browning–Ferris Indus. v. Lieck*, 881 S.W.2d 288, 291 (Tex.1994) (underlying criminal case); *Compton v. Calabria*, 811 S.W.2d 945, 949 (Tex.App.-Dallas 1991, no writ) (underlying criminal case); *Salado College v. Davis*, 47 Tex. 131, 135–36 (1877) (underlying civil case). Public policy disfavors actions that burden or discourage persons from pursuing and resolving their disputes in court. *See Salado*, 47 Tex. at 135–36 (public policy seeks to avoid discouraging parties from resorting to legally constituted tribunals); *Pye v. Cardwell*, 110 Tex. 572, 222 S.W. 153, 153 (1920) (quoting and citing *Salado*); *see also, e.g., Texas Beef Cattle Co. v. Green*, 921 S.W.2d 203, 209 (Tex.1996) ("heightened" special injury requirement for malicious prosecution claim is supported by public policy that is "compelling and well-established in Texas law," citing *Pye*, 222 S.W. at 153 and *Salado*, 47 Tex. at 135–36).[1]

---

1. The lower court's opinion in *Pye* discussed the disfavored nature of malicious prosecution proceedings, stating:

   The law recognizes that the courts could not be freely resorted to, if the allegations of a petition or notice to appear and answer

could be regarded as actionable. If it could be so, then in the end it would only be the powerful and influential, the good and pious, the popular and well-beloved, who could resort to the courts. There would be no chance for the friendless one there.

■ The Texas Supreme Court has held that, in order to prevail in a malicious prosecution action arising from a civil case, a plaintiff must establish the following elements: "(1) the *institution or continuation* of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the *commencement* of the proceeding; (4) lack of probable cause for the proceeding; (5) termination of the proceedings in plaintiff's favor; and (6) special damages." *Texas Beef Cattle Co.,* 921 S.W.2d at 207 (emphasis added). Thus, whether a malicious prosecution claim is based on the *institution* of a proceeding or the *continuation* of a proceeding, the requisite element of malice relates to the "*commencement* of the proceeding." *See id.* A party seeking to recover on a malicious prosecution claim must strictly adhere to the elements of the cause of action. *See Browning–Ferris,* 881 S.W.2d at 291; *Parker v. Dallas Hunting and Fishing Club,* 463 S.W.2d 496, 499 (Tex.Civ.App.-Dallas 1971, no writ).

The trial court instructed the jury that, in order to find Luce liable for malicious prosecution, it had to find Luce acted with malice in filing suit against IAI. The trial court did not err in giving this instruction, as it properly tracks the required element of malice for a malicious prosecution claim. We overrule IAI's cross-point.

### B. Legal Sufficiency of Evidence Regarding Malice

■ We next turn to Luce's second point of error, in which he argues that the evidence is legally insufficient to support the jury's finding that he acted with malice in instituting the lawsuit. When an appellant challenges the legal sufficiency of the evidence on an issue on which he did not have the burden of proof, the appellant must demonstrate there is no evidence to support the adverse finding. *See Croucher v. Croucher,* 660 S.W.2d 55, 58 (Tex.1983). In reviewing a "no evidence" challenge, we consider only the evidence and inferences tending to support the adverse finding and disregard all contrary evidence and inferences. *See Continental Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 450 (Tex.1996). If there is more than a scintilla of evidence to support the finding, the "no evidence" challenge fails. *See id.* Where circumstantial evidence is relied upon, and the circumstances are equally consistent with either of two facts, no more than a scintilla of evidence supports a finding and a "no evidence" point must be sustained. *See id.*

■ Malice has been defined as ill will or evil motive, or such gross indifference or reckless disregard for the rights of others as to amount to a knowing, unreasonable, wanton, and willful act. *See Ellis County State Bank v. Keever,* 870 S.W.2d 63, 69 (Tex.App.-Dallas 1992), *aff'd in part and rev'd in part on other grounds,* 888 S.W.2d 790 (Tex.1994). "To establish malice, it is not necessary to prove that the defendant acted with personal spite or ill will; it is sufficient to show the defendant committed wrongful acts in reckless disregard of another's rights and with indifference as to whether the party would be injured." *Id.* This element of malice may be inferred from a lack of probable cause. *See Fisher v. Beach,* 671 S.W.2d 63, 67 (Tex.App.-Dallas 1984, no writ).[2]

■ To determine whether the evidence supported the finding of malice in the commencement of the proceeding, we look for evidence that would suggest the existence of malice *at the commencement* of the proceeding. Evidence suggesting

---

*Pye v. Cardwell,* 224 S.W. 542, 544 (Tex.Civ. App.-Galveston 1915, no writ). While a motion for rehearing was pending before the court of appeals in *Pye,* it certified a question to the Texas Supreme Court, resulting in that court's *Pye* opinion at 110 Tex. 572, 222 S.W. 153. After the supreme court issued its opinion, the court of appeals denied the motion for rehearing.

**2.** However, lack of probable cause may not be inferred from a finding of malice. *See Parker,* 463 S.W.2d at 500.

malice after the commencement of the proceeding is not probative on this element. To hold otherwise would necessarily negate the requirement that the defendant must have acted with malice in instituting the suit.

■ IAI argues that the following evidence supports a finding that Luce acted with malice: (1) Mr. Thomas's first phone call to Luce's office raised serious questions as to whether Luce had sued the correct party; (2) after Luce filed the suit, Mr. Thomas made several calls to Luce's office saying that Luce had sued the wrong party; (3) Luce did not provide the Youngs with the information communicated during Thomas's post-filing phone calls; (4) Luce did not advise Mr. Thomas of any court settings; (5) Luce obtained a default judgment against IAI even though there was a question as to whether IAI was the correct party; (6) at the damages hearing, Luce elicited testimony from Mrs. Young that IAI was the company who had towed her car even though there was a question as to whether IAI was the correct party; (7) Luce knew that IAI claimed that it was not the company that towed the Youngs' car; (8) Luce did not return Mrs. Thomas's phone calls after he had mailed the post-judgment interrogatories to IAI; (9) at the time of the bill of review proceeding, Luce was aware that IAI was not the correct party; (10) Luce pursued an appeal of the bill of review in an attempt to have the judgment against IAI reinstated; (11) Luce failed to disclose to the Youngs various communications and evidence which suggested that IAFW had towed the car, not IAI.

On behalf of the Youngs, Luce commenced the action against IAI on January 20, 1989. All of the above evidence relied on by IAI as evidence of Luce's malice concern events that took place after the commencement of the proceedings. This evidence does not suggest that Luce acted with malice in commencing the suit against IAI on January 20, 1989.

■ Because malice may be inferred from a lack of probable cause, *see Fisher*, 671 S.W.2d at 67, we next determine whether there is any evidence of lack of probable cause from which an inference of malice in the commencement could be drawn.

IAI contends that there was sufficient circumstantial evidence to support a finding that Luce lacked probable cause for the proceedings. Specifically, IAI points to the following evidence: (1) after learning from the Youngs that Interstate Adjusters had towed the car, Luce failed to sufficiently investigate to verify such information; (2) Luce had the address of IAFW in his files prior to filing suit against IAI; (3) the address for IAFW and the registered agent for IAI were different; (4) Luce did no substantial investigation concerning either IAFW or IAI prior to filing suit; (5) Luce did not review the assumed name certificates prior to filing suit; (6) Luce put forth little effort to ascertain the identity of the wrecker company that towed the Youngs' car; (7) Luce came to understand early in the proceedings that IAI and IAFW were two separate companies and that IAI was claiming that it was the incorrect party; (8) Luce did not provide the Youngs with information that IAI may not have been the correct party; (9) at the time of the bill of review proceedings, Luce was aware that IAI was not the correct party; (10) after the judgment against IAI was set aside, Luce filed an appeal in an attempt to have the judgment re-instated; (11) Luce continued to prosecute the case without sufficient investigation or verification concerning the correct defendant.

Of the above evidence pointed to by IAI as evidence of lack of probable cause, items (7) through (11) are not relevant to Luce's state of mind when he commenced the proceedings; they relate to matters taking place after the commencement of the proceedings, and are, therefore, not evidence from which the jury could infer malice in the commencement of the suit.

Assuming, without deciding, the evidence described in (1) through (6), above, might be circumstantial evidence of a lack of probable cause, the circumstances are equally consistent with a good faith belief by Luce that IAI was the correct defendant and that the towing company and its registered agent simply maintained different addresses. Thus, this circumstantial evidence is equally consistent with either of two facts-i.e., Luce lacked probable cause to sue IAI, or Luce had probable cause to sue IAI based on a good faith belief that IAI was the proper party defendant. Therefore, this evidence constitutes *no more than a scintilla* of evidence to support a finding of lack of probable cause. *See Continental Coffee,* 937 S.W.2d at 450. Thus, the evidence described in items (1) through (6) above is no evidence from which an inference of malice in the commencement can be drawn.

We have reviewed the entire record to determine if any of the evidence would suggest that Luce acted with malice in commencing the suit against IAI. We conclude the record contains no evidence to support a finding that Luce acted with malice in commencing the suit against IAI. Therefore, we sustain Luce's second point of error.

## CONCLUSION

Having sustained Luce's second point of error, and having overruled IAI's cross-point, we reverse the trial court's judgment and render judgment that IAI take nothing by way of its malicious prosecution cause of action against Luce. Thus, we need not address Luce's points of error one and three through nine.