# NO. 12-14-00153-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *STATE EX REL.* | § | |
| *MICHAEL E. JIMERSON,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *OPINION*

In this original mandamus proceeding, Relator, Michael Jimerson, in his capacity as the County Attorney for Rusk County, challenges the trial court's June 6, 2014 order denying his motion to quash a subpoena issued by real parties in interest GlobalFab, L.L.C., and Timothy Scott Thomas. The respondent is the Honorable Guy W. Griffin, visiting judge for the Fourth Judicial District Court, Rusk County, Texas. Joey M. Delarosa, Galyean Equipment Co., Inc., Galyean, L.P., and Allen Galyean are additional real parties in interest. We conditionally grant the County Attorney's petition.

## BACKGROUND

GlobalFab, L.L.C., Timothy Scott Thomas, and Joey M. Delarosa are defendants (the defendants) in a suit filed by Galyean Equipment Company, Inc., Galyean, L.P., and Allen Galyean (collectively Galyean).[1] GlobalFab and Thomas (collectively GlobalFab) filed a counterclaim against Galyean seeking damages for defamation and malicious prosecution arising out of a criminal investigation initiated by Allen Galyean, the owner of Galyean Equipment Company, Inc. and Galyean, L.P. The case was set for trial on June 9, 2014, and GlobalFab subpoenaed the County Attorney to testify as a witness on its behalf.

---

[1] We cannot determine from the record what causes of action Galyean asserted against the defendants. However, it is clear from the record that the initial dispute between the parties related to the ownership of trade secrets.

The County Attorney filed a motion to quash the subpoena. In his motion, the County Attorney argued that (1) the records and documents requested are privileged work product in their entirety,[2] (2) any and all knowledge the County Attorney has of this matter constitutes work product developed in anticipation of litigation for trial, (3) the request would require the County Attorney to engage in a misuse of office, and (4) mandating the County Attorney's testimony would impose an unwarranted burden on finite prosecutorial resources. After conducting a hearing, the trial court denied the motion to quash. The County Attorney then filed this original proceeding.

## PREREQUISITES TO MANDAMUS

Mandamus issues only to correct a clear abuse of discretion or the violation of a duty imposed by law where there is no adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly constitutes an abuse of discretion. *Walker*, 827 S.W.2d at 840. Mandamus is proper when the trial court erroneously orders the disclosure of privileged information because the trial court's error cannot be corrected on appeal. *Id.* at 843; *see also In re Bexar Cnty. Criminal Dist. Attorney's Office*, 224 S.W.3d 182, 185 (Tex. 2007) (orig. proceeding); *In re Park Cities Bank*, 409 S.W.3d 859, 866 (Tex. App.—Tyler 2013, orig. proceeding). Therefore, in this proceeding, we address only the first prerequisite—whether the trial court clearly abused its discretion or violated a duty imposed by law.

## THE WORK PRODUCT PRIVILEGE

In his mandamus petition, the County Attorney raises the issue of whether a prosecutor "can be called to testify in a malicious prosecution case about the information presented to him during conversations that took place as part of his criminal investigation." He argues that all of the testimony sought by GlobalFab is "core work product." But in the event that his testimony is not core work product, the County Attorney argues, GlobalFab has failed to show it has a

---

[2] The subpoena did not include a request for the production of any documents.

"substantial need" for his testimony and cannot show that it is "unable, without undue hardship, to obtain the substantial equivalent of the material by other means."

In determining whether the trial court abused its discretion in denying the County Attorney's motion to quash, we first consider the application of the Texas Rules of Civil Procedure to the evidence and the arguments presented to the trial court relating to GlobalFab's causes of action against Galyean.

**Applicable Law**

Texas Rule of Civil Procedure 192.5 defines "work product" as

> (1)     material prepared or mental impressions developed in anticipation of litigation or for trial by or for a party or a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents; or
>
> (2)     a communication made in anticipation of litigation or for trial between a party and the party's representatives or among a party's representatives, including the party's attorneys, consultants, sureties, indemnitors, insurers, employees, or agents.

TEX. R. CIV. P. 192.5(a). The work product privilege includes all communications made in preparation for trial or in anticipation of litigation, including an attorney's interviews with parties and nonparty witnesses, and extends to an attorney's mental impressions, opinion, conclusions, legal theories, and the selection and ordering of documents. *See id.*; *In re Bexar Cnty.*, 224 S.W.3d at 186; *In re Park Cities Bank*, 409 S.W.3d at 867.

Work product falls under one of two categories—"core work product" or "other work product." *See* TEX. R. CIV. P. 192.5(b)(1), (2). Core work product is "sacrosanct," "not discoverable," and "its protection [is] impermeable." TEX. R. CIV. P. 192.5(b)(1); *In re Bexar Cnty.*, 224 S.W.3d at 187-88. It concerns an attorney's mental processes and includes the work product of an attorney or an attorney's representative that contains the attorney's "mental impressions, opinions, conclusions, or legal theories." TEX. R. CIV. P. 192.5(b)(1).

**Discussion**

During the hearing on the motion to quash, GlobalFab stated that the County Attorney's testimony was sought to explain three matters: (1) a recusal letter from the County Attorney seeking the appointment of a prosecutor pro tem, (2) a statement the County Attorney made during an expunction hearing on a case in which Allen Galyean was the alleged victim, and (3) communications the County Attorney had with Allen Galyean.

3

All of the County Attorney's work and discussions in connection with the criminal investigation of GlobalFab constitute "work product." *See* TEX. R. CIV. P. 192.5(a); ***In re Bexar Cnty.***, 224 S.W.3d at 187. The County Attorney argues that testimony regarding any of the three aforementioned matters is precluded because it would disclose "core" work product.

i. *The Recusal Letter*

On September 16, 2011, a letter written on the County Attorney's official letterhead was sent to the Office of the Attorney General.[3] The letter contains the County Attorney's signature and requests the appointment of a prosecutor pro tem for "all cases" arising out of "alleged thefts" in which Allen Galyean or his business is the victim. The letter references criminal cases against two individuals charged with theft who are not parties to the current case. In addition to stating that Allen Galyean is the brother-in-law of the county's sole district judge, and that the district judge's wife could have a financial interest in Allen Galyean's company, the letter states that Allen Galyean is "adamant that additional charges should be filed against additional parties." The letter explains that Allen Galyean "has expressed concerns that the cases have not met with the priority that he believes they deserve[,] and he has made known that he could foresee the possibility of supporting another candidate for the position" held by the current County Attorney.

The County Attorney argues that this letter is "exclusively a series of mental impressions about [his] criminal investigations and the reasoning behind [the] conclusion that a prosecutor pro-tem was required." He further argues that the purpose of the letter was to convey the essential need for involvement from the Attorney General's Office and that it was "nothing more than a memorialization of [his] mental impressions, opinions, conclusions[, and thus] should be considered core work product not subject to disclosure." The County Attorney also argues that, despite GlobalFab's possession of the letter, there is no indication that the County Attorney waived the work product privilege regarding his mental processes.

During the hearing on his motion to quash, the County Attorney confirmed that the recusal letter was public in this record. GlobalFab included the letter as an exhibit here in its amended response to the County Attorney's mandamus petition. The top margins of the letter indicate that it was either faxed to or faxed by "RUSK CO D A OFFICE" on September 19, 2011, and was also faxed to or by "Atty J Paul Nelson" on October 9, 2011. Officer Craig

---

[3] The County Attorney's letter was sent more than one year after a search warrant was executed on GlobalFab's place of business that resulted in the seizure of several business assets, including blueprints, drawings, and a full size prototype of GlobalFab's design.

Sweeney, a CID Lieutenant for the City of Henderson Police Department, testified in a deposition that he had seen the letter before, but could not remember how he had acquired it.

Assuming without deciding that the letter contains "a series of mental impressions about the County Attorney's criminal investigations," we conclude that the work product privilege relating to the contents of the letter is waived because the letter was disclosed to individuals other than those at the Attorney General's office. *See id.* at 189 (stating that DA's disclosure of prosecution file without objection waived work product privilege as to the file's contents). The work product privilege regarding the County Attorney's mental impressions, opinions, conclusions, and legal theories reached in preparing the letter was not waived, and thus, this information is not discoverable. *See* TEX. R. CIV. P. 192.5(b)(1); *In re Bexar Cnty.*, 224 S.W.3d at 189 (DA's waiver of privilege to the documents contained in its file does not waive DA's testimonial work product privilege regarding prosecutor's mental processes). However, limited testimony from the County Attorney to explain what "additional charges" and who the "additional parties" were may be subject to disclosure. *See* TEX. R. CIV. P. 192.5(b)(2).

### ii.    *The Expunction Hearing*

On January 22, 2013, the County Attorney participated in an expunction hearing involving one of the individuals named in the recusal letter. During the hearing, the County Attorney announced that a prosecutor pro tem had written a letter stating that the subject individual was entitled to an expunction. The County Attorney then stated before the court that "to the extent I'm permitted to, the State will agree to the expunction. And I'll state that I never agree to expunctions, but I'll state for the record representations were made to me that were not correct, and we will agree to the expunctions."

The County Attorney contends that these statements are core work product because they constitute "nothing more than a summation of his final mental impressions of the case." We disagree. The County Attorney's assertion that "representations were made to me that were not correct" does not constitute a mental impression, opinion, conclusion, or legal theory. *See* TEX. R. CIV. P. 192.5(b)(1). Thus, testimony regarding those representations may be subject to disclosure. *See* TEX. R. CIV. P. 192.5(b)(2).

### iii.    *Communications with Allen Galyean*

Lastly, the County Attorney contends that his testimony relating to communications with Allen Galyean are not subject to disclosure because the information he gained was made in

preparation for trial and is "core work product." But the County Attorney's categorization of his communications with Allen Galyean as "core work product" is misplaced. Questions relating to statements Allen Galyean made to the County Attorney will not reveal the County Attorney's mental impressions, opinions, conclusions, or legal theories. *See* TEX. R. CIV. P. 192.5(b)(1). These communications may be subject to disclosure. *See* TEX. R. CIV. P. 192.5(b)(2).

## SUBSTANTIAL NEED AND UNDUE HARDSHIP

The County Attorney's testimony relating to the contents of the recusal letter, the incorrect representations alleged during the expunction hearing, and communications between the County Attorney and Allen Galyean are not core work product. But before the County Attorney is required to testify regarding these matters, GlobalFab must show it has a substantial need for the County Attorney's testimony, and is unable, without undue hardship, to obtain the substantial equivalent of the testimony by other means. *See* TEX. R. CIV. P. 192.5(b)(2); ***In re Bexar Cnty.***, 224 S.W.3d at 188. This is a heavy burden. *See **In re Bexar Cnty.***, 224 S.W.3d at 188.

### GlobalFab's Causes of Action

In its amended response here, GlobalFab contends that the County Attorney's testimony is necessary to prove the elements of its claims for defamation and malicious prosecution against Galyean. But during the hearing on the motion to quash, GlobalFab argued that the County Attorney's testimony was necessary to prove the elements for its malicious prosecution claim, not defamation. Accordingly, we limit our analysis to whether there exists a substantial need and undue hardship as to GlobalFab's cause of action for malicious prosecution. *See* TEX. R. APP. P. 33.1.

To prove a cause of action for malicious prosecution, the complaining party must establish (1) the commencement of a criminal prosecution against the plaintiff; (2) causation (initiation or procurement) of the action by the defendant, (3) termination of the prosecution in the plaintiff's favor, (4) the plaintiff's innocence, (5) the absence of probable cause for the proceedings, (6) malice in filing the charge, and (7) damage to the plaintiff. ***Richey v. Brookshire Grocery Co.***, 952 S.W.2d 515, 517 (Tex. 1997); ***Hernandez v. Porter***, 406 S.W.3d 789, 792 (Tex. App.—El Paso 2013, pet. denied). During the hearing on the motion to quash,

6

GlobalFab argued that the County Attorney's testimony was necessary to prove "intent," "malice," and "[lack of] probable cause." We construe "intent" as meaning causation.

The causation (initiation or procurement) element of a malicious prosecution claim may be established by proof that (1) the defendant filed formal charges against the complaining party, or the defendant's actions were enough to cause the prosecution, and (2) but for his actions, the prosecution would not have occurred. *Browning-Ferris Indus., Inc. v. Lieck*, 881 S.W.2d 288, 293 (Tex. 1994). Generally, a person does not procure a criminal prosecution when the decision to prosecute is discretionary. *See id.* But the exception to this rule is that a person procures a criminal prosecution when he provides information that he knows is false. *See id.*; *see also Richey*, 952 S.W.2d at 519 ("[K]nowingly providing false information to a public official satisfies the causation element."). Moreover, evidence that a person has failed to fully and fairly disclose all material information to the prosecutor is relevant not only to the causation element of a malicious prosecution claim, but also to the element of malice. *See Richey*, 952 S.W.2d at 519.

Malice has been defined as ill will or evil motive, or such gross indifference or reckless disregard for the rights of others as to amount to a knowing, unreasonable, wanton, and willful act. *Hernandez v. Mendoza*, 406 S.W.3d 351, 357 (Tex. App.—El Paso 2013, no pet.); *Luce v. Interstate Adjusters, Inc.*, 26 S.W.3d 561, 566 (Tex. App.—Dallas 2000, no pet.). To establish malice, it is not necessary to prove that the defendant acted with personal spite or ill will; it is sufficient to show the defendant committed wrongful acts in reckless disregard of another's rights and with indifference as to whether the party would be injured. *Id.* This element of malice may be inferred from a lack of probable cause and relates to the commencement of the proceeding. *Id.*

Probable cause is defined as "the existence of such facts and circumstances as would excite belief in a reasonable mind, acting on the facts within the knowledge of the prosecutor [the complainant], that the person charged was guilty of the crime for which he was prosecuted." *Akin v. Dahl*, 661 S.W.2d 917, 921 (Tex. 1983). In malicious prosecution cases, there is a presumption that the defendant acted reasonably and in good faith and had probable cause to initiate the proceedings. *Richey*, 952 S.W.2d at 517. To rebut this presumption, the plaintiff must produce evidence that the motives, grounds, beliefs, or other information upon which the defendant acted did not constitute probable cause. *See id.* at 518.

7

When a complainant reasonably believes a crime has occurred, the reasonableness of that belief is not negated by the failure to fully disclose all relevant facts. *See id.* at 519. Rather, the extent of the disclosure indicates whether the complainant may have acted with malice or may have, by knowingly providing false information, caused the prosecution. *See id.*

**Discussion**

GlobalFab argues that a central issue to its claim for malicious prosecution is "when [Allen] Galyean made statements, to whom, what representations were made, and on what they were based." But the information GlobalFab seeks to elicit from the County Attorney relates to Allen Galyean's communications, not whether his belief that a crime had occurred was reasonable. *See id.* Accordingly, we limit our discussion to whether GlobalFab satisfied its burden under Rule 192.5(b)(2) as to the elements of causation and malice for its malicious prosecution claim.[4]

      i.     *"Additional Charges" and "Additional Parties"*

The record shows that on March 10, 2010, a search warrant was executed on GlobalFab's place of business as part of a criminal investigation "into the reported theft of trade secrets." This resulted in the seizure of various items, including a computer, one hand drawn trailer diagram with part numbers, seven "diagrams/blueprints," one diagram or drawing of a "tanker" with measurements, and one "43001 Apollo 130 vacuum trailer" with a diamond tool box and eight tires.

On December 17, 2012, the presiding judge for the County Court at Law of Rusk County signed an order releasing the property and returning it to the "person(s)/entity from whom it was seized." Included in the presiding judge's order was the statement that "the criminal investigation into the reported theft of trade secrets is now concluded by the State of Texas Attorney General's office." This order was styled, "IN RE: GLOBALFAB, L.L.C., TIMOTHY SCOTT THOMAS, JOEY M. DELAROSA, AND MERRILL JENSEN" and filed in cause number C-10-025 in the County Court at Law of Rusk County.

This evidence, when viewed in light of the County Attorney's recusal letter, supports the inference that the defendants were among the "additional parties" Allen Galyean was adamant

---

[4] In his brief, the County Attorney argues that GlobalFab has wholly failed to establish that a criminal prosecution was ever pursued. However, the County Attorney did not present this argument to the trial court. It is well established that arguments not presented to the trial court will not be considered in a petition for writ of mandamus. *See* **In re Am. Optical Corp.**, 988 S.W.2d 711, 714 (Tex. 1998) (orig. proceeding); **In re Peacock**, 421 S.W.3d 913, 917 (Tex. App.—Tyler 2014, orig. proceeding).

about filing charges against. Had the defendants not been the "additional parties," the Attorney General's office would have had no need to conduct the criminal investigation regarding the reported theft of trade secrets. As a result, there is no substantial need for the County Attorney to testify about the identity of the "additional parties" or "additional charges" referenced in the recusal letter.

GlobalFab argues that the County Attorney's testimony is necessary to authenticate the recusal letter in order to admit it at trial. We disagree. The record shows that a prosecutor pro tem was appointed to prosecute and conduct a criminal investigation of the individuals named in the recusal letter. Thus, the letter would not be hearsay if offered for its effect on the reader rather than for the truth of the matter asserted. *See **In re Bexar Cnty.***, 224 S.W.3d at 189 (citing TEX. R. EVID. 801(d)). Additionally, the letter is a public record; thus, it would be admissible under the public records exception to the hearsay rule. *See* TEX. R. EVID. 803(8).

ii. *Communications with the County Attorney*

GlobalFab argues that the County Attorney's testimony is necessary to explain his statement during an expunction hearing that representations had been made to him which were not correct. We agree that the record shows a connection between the defendants and the individual who received the expunction in the case in which Allen Galyean was the alleged victim. But this connection is too remote to establish substantial need. The record suggests that Allen Galyean *may* have made misrepresentations to the County Attorney about the defendants in the current case, or that the representations were eventually determined to be untrue without any intentional misrepresentations being made by Allen Galyean—not that Allen Galyean knowingly provided false information about the defendants to the County Attorney. Moreover, the County Attorney's testimony regarding the expunction could potentially be impermissible under Chapter 55 of the Texas Code of Criminal Procedure, particularly if his testimony is used to authenticate records or files relating to the arrest of that individual.[5] *See* TEX. CODE CRIM. PROC. ANN. art. 55.04, § 1 (West 2011).

It is undisputed that the County Attorney had communications with Allen Galyean. But the County Attorney argues that the defendants have "no idea what [the] statements would be" if they were permitted to question him. Indeed, this seems to be the reason GlobalFab seeks the

---

[5] Chapter 55 of the Texas Code of Criminal Procedure sets forth the requirements and procedures for expunctions, and the effect of obtaining an order of expunction in felony and misdemeanor cases. *See generally* TEX. CODE CRIM. PROC. ANN. arts. 55.01-.02 (West Supp. 2014), arts. 55.03-.06 (West 2011).

County Attorney's testimony. Nevertheless, GlobalFab has not shown that it has a substantial need for the County Attorney's testimony to prove the elements of causation and malice.

The affidavit for the search warrant for GlobalFab's place of business is not in the record. "No warrant shall issue for any purpose . . . unless sufficient facts are first presented to satisfy the issuing magistrate that probable cause does in fact exist for its issuance." TEX. CODE CRIM. PROC. ANN. art. 18.01(b) (West Supp. 2014). The record reflects that it is city policy that no search warrants will be issued "unless they are authorized by the Chief, Assistant Chief, Deputy Chief[,] or CID Lieutenant." CID Lieutenant Craig Sweeney executed the search warrant on GlobalFab's place of business, was deposed, and was subpoenaed for trial. GlobalFab has not shown that Sweeney's testimony or testimony from any other authorized individual could not satisfy the causation or malice element of their malicious prosecution claim. Nor has GlobalFab shown that Allen Galyean knowingly provided the allegedly false information to only the County Attorney. Therefore, we cannot conclude that the County Attorney's testimony is the only source from which the information GlobalFab seeks can be obtained.

## Conclusion

After viewing the record as a whole, we conclude that GlobalFab has not satisfied its burden of showing that it has a substantial need for the County Attorney's testimony to prove its claim for malicious prosecution. We agree with the trial court's and GlobalFab's assertions that *In re Bexar County* is distinguishable because the County Attorney has refused to disclose the prosecution file. *See In re Bexar Cnty.*, 224 S.W.3d at 188-89. But this distinction does not create a substantial need for the County Attorney's testimony when other sources are available to prove the elements of a claim. GlobalFab has not shown that other sources are unavailable. Because we have concluded that GlobalFab has not shown substantial need, we do not address the undue hardship prong of Rule 192.5(b)(2). *See* TEX. R. APP. P. 47.1.

## DISPOSITION

Based on the foregoing analysis, we hold that the trial court abused its discretion in denying the County Attorney's motion to quash. Accordingly, we ***conditionally grant*** the County Attorney's petition for writ of mandamus and direct the trial court to vacate its June 6, 2014 order denying the motion. We trust that the trial court will promptly comply with this opinion and order. The writ will issue only if the trial court fails to do so ***within ten days after***

10

***the date of the opinion and order***.  The trial court shall furnish this court, within the time for compliance with this court's opinion and order, a certified copy of its order evidencing compliance.

**JAMES WORTHEN**
Chief Justice

Opinion delivered February 11, 2015.
*Panel consisted of Worthen, C.J., Neeley, J., and Bass, Retired J.*

(PUBLISH)

11



# COURT OF APPEALS
# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
# <u>ORDER</u>

**FEBRUARY 11, 2015**

**NO. 12-14-00153-CV**

**MICHAEL E. JIMERSON,**
Relator
v.
**HON. GUY W. GRIFFIN**,
Respondent

### ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by **MICHAEL E. JIMERSON**, who is the relator in Cause No. 2010-017, pending on the docket of the 4th District Court of Rusk County, Texas. Said petition for writ of mandamus having been filed herein on June 13, 2014, and the same having been duly considered, because it is the opinion of this Court that the petition is meritorious, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, **conditionally granted**.

And because it is further the opinion of this Court that the trial judge will act promptly and issue an order vacating its vacate its June 6, 2014 order denying the motion to quash, the writ will not issue unless the Honorable Guy W. Griffin, Judge of the 4th District Court of Rusk County, Texas, fails to do so ***within ten (10) days*** from the date of this order.

James T. Worthen, Chief Justice.

*Panel consisted of Worthen, C.J., Neeley, J., Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*