ACCEPTED
05-15-00096-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
11/11/2015 11:31:20 AM
LISA MATZ
CLERK

## CAUSE NO. 05-15-00096-CV

## FIFTH DISTRICT COURT OF APPEALS
## DALLAS COUNTY, TEXAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
11/11/2015 11:31:20 AM
LISA MATZ
Clerk

## DONNELL HILL,

## APPELLANT,

## v.

## WELLS ASSET MANAGEMENT, INC. AND LA PRADA PLACE APARTMENTS,

## APPELLEES.

_____

## APPELLEES' BRIEF

_____

**ISRAEL SUSTER**
**STATE BAR NO. 19523580**
**THE SUSTER LAW GROUP, PLLC**
**1316 VILLAGE CREEK DR., STE. 500**
**PLANO, TEXAS  75093-4461**
**TELEPHONE:    972-380-0130**
**FACSIMILE:     972-380-4517**
**israel@susterlaw.com**

## ATTORNEY FOR APPELLEES

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to Rule 38.2(a) of the Texas Rules of Appellate Procedure, counsel for Appellees, Wells Asset Management, Inc. and La Prada Place Apartments, hereby adopt and supplement Appellees' Identity of Parties and Counsel with the following supplement to Appellees' counsel:

**Trial Counsel
for Appellees Wells Asset Management, Inc. and
La Prada Place Apartments**

Represented by:

Carlisle A. Braun
The Suster Law Group, PLLC
1316 Village Creek Drive, Suite 500
Plano, Texas 75093-4461
(972) 380-0130 Telephone
(972) 380-4517 Facsimile

**Appellate Counsel
for Appellees Wells Asset Management, Inc. and
La Prada Place Apartments**

Represented by:

Israel Suster
The Suster Law Group, PLLC
1316 Village Creek Drive, Suite 500
Plano, Texas 75093-4461
(972) 380-0130 Telephone
(972) 380-4517 Facsimile

# TABLE OF CONTENTS

PAGE

IDENTITIES OF PARTIES AND COUNSEL............................................................. ii

TABLE OF CONTENTS ........................................................................................... iii

INDEX OF AUTHORITIES ..................................................................................... iv

RESPONSE TO ISSUES PRESENTED...................................................................... 1

    1. Appellees do not dispute that Hill may challenge the legal sufficiency of a grant of summary judgment in this appeal. But any such challenge by Hill simply fails because Hill did not respond to a no-evidence motion for summary judgment and raised no issue of fact to prevent the trial court from granting Appellees' summary judgment motion.

    2. Appellees' no-evidence motion for summary judgment was legally sufficient because it negated elements of Hill's claims necessary to prevail on a suit for malicious prosecution. As such, the Court need not address the factual legal sufficiency of Appellees' traditional motion for summary judgment.

STATEMENT OF FACTS............................................................................................ 2

SUMMARY OF THE ARGUMENT............................................................................ 3

STANDARD OF REVIEW.......................................................................................... 4

ARGUMENT ............................................................................................................... 5

PRAYER ...................................................................................................................... 9

CERTIFICATE OF SERVICE .................................................................................. 10

APPENDIX ................................................................................................................ 11

# INDEX OF AUTHORITIES

**CASES** **PAGE**

*Barnes v. SWS Financial Servs., Inc.,*
  97 S.W.3d 759 n. 3 (Tex. App.—Dallas 2003, no pet.) ...................................... 7, 8

*Black v. Victoria Lloyds Ins. Co.,*
  797 S.W.2d 20, 27 (Tex. 1990).................................................................. 7

*Crocker v. Paulyne's Nursing Home, Inc.,*
  95 S.W.3d 419-420 (Tex. App.—Dallas 2002, no pet.) .................................... 7, 8

*Henning v. OneWest Bank FSB,*
  405 S.W.3d 950, 962 (Tex. App.—Dallas 2013, no pet.) ............................ 4, 6, 8

*Jackson v. Am. Home Mortg. Servicing, Inc.,*
  No. 05-12-01596-CV, 2014 WL 3817085, at * 2 (Tex. App.—Dallas Aug. 4, 2014, no pet.). ...................................................................................... 6

*Luce v. Interstate Adjusters, Inc.,*
  26 S.W.3d 561, 565 (Tex. App.—Dallas 2000, no pet.) .................................... 8

*Puricelli v. Saxon Mortg. Serv., Inc.,*
  No. 05-13-00207-CV, 2014 WL 3735284, at * 3 (Tex. App.—Dallas July 28, 2014, pet. denied)................................................................................ 5, 8

*Timpte Indus. Inc. v. Gish.,*
  286 S.W.3d 306, 310 (Tex 2009)................................................................ 5

**RULES AND STATUTES** **PAGE**

TEX. R. CIV. P. 166a(i)............................................................................. 5, 6, 8

# RESPONSE TO ISSUES PRESENTED

1. Appellees do not dispute that Hill may challenge the legal sufficiency of a grant of summary judgment in this appeal. But any such challenge by Hill simply fails because Hill did not respond to a no-evidence motion for summary judgment and raised no issue of fact to prevent the trial court from granting Appellees' summary judgment motion.

2. Appellees' no-evidence motion for summary judgment was legally sufficient because it negated elements of Hill's claims necessary to prevail on a suit for malicious prosecution. As such, the Court need not address the factual legal sufficiency of Appellees' traditional motion for summary judgment.

## STATEMENT OF FACTS

Appellant Donnell Hill ("Hill") is a former tenant of Appellee La Prada Place Apartments ("La Prada"). (Appellant's Br. 6). On August 1, 2013, La Prada filed Plaintiff's First Amended Petition for Forcible Detainer in Cause No. CC-1304361-B, styled *La Prada Place Apartments v. Donnell Hill and All Occupants*, then pending in the County Court at Law No. 2, Dallas County, Texas. (CR 7). Hill prevailed against La Prada in such eviction appeal and was not evicted from La Prada Place Apartments. (Appellant's Br. 6).

On March 5, 2014, Hill filed suit against Appellees in connection with La Prada's lawsuit to evict Hill for nonpayment of rent. (CR 6). Among other things, Hill alleged that Appellees engaged in malicious and fraudulent conduct in connection with La Prada's eviction lawsuit. (CR 7).

On August 1, 2014, Appellee Wells Asset Management, Inc. ("Wells") served Hill with *Defendant Wells Asset Management, Inc.'s First Set of Discovery Requests to Plaintiff*. (CR 53—80). At first, Hill refused to respond to such discovery requests. (CR 53). Eventually, Hill produced a few documents, but Hill did not answer Wells' interrogatories and admission requests. (CR 53). As a result of Hill's failure to respond to Wells' admission requests, the following facts were deemed admitted: (1) Wells did not execute a lease agreement with Hill; (2) Wells did not file an eviction against Hill; (3) Wells was not Hill's landlord; (4) Hill was

not evicted from La Prada Place Apartments; and, (5) Hill did not sustain any damages as a result of Wells' conduct. (CR 44—45). Hill did not challenge the deeming of any admissions.

On September 11, 2014, Appellees filed their *Defendants' Evidentiary and No-Evidence Motions for Summary Judgment Against Plaintiff* in the trial court. (CR 42—80). Among other things, Appellees moved for a summary judgment on the basis that "[t]here is no evidence that [Hill] suffered any damages as a result of [Appellees'] actions," "[t]here is no evidence that [Appellees] made any representations to [Hill]" and "[t]here [was] no evidence that [Appellees] engaged in any malicious conduct." (CR 47—48). Hill did not file a response to Appellees' motions. (CR 82; Appellant's Br. 6). On October 17, 2014, the trial court granted summary judgment in favor of Appellees and entered its *Order Granting Defendants' Evidentiary and No-Evidence Motions for Summary Judgment Against Plaintiff.* (CR 82—83).

## SUMMARY OF THE ARGUMENT

While Hill may appeal the legal sufficiency of a motion for summary judgment for the first time on appeal, the trial court properly granted Appellees' no-evidence motion for summary judgment because Hill did not respond and raise any issues of fact to challenge the motion.

To the extent Hill complains about the legal sufficiency of the no-evidence motion, such motion was legally sufficient to negate any action for malicious prosecution because such motion challenged any evidence of malicious conduct and damages.[1] Without any evidence of such elements, the trial court properly granted summary judgment. To the extent that Hill complains of the legal insufficiency of the evidence brought in Appellees' traditional motion for summary judgment, the Court need not address because of the proper grant of Appellees' no-evidence motion. Finally, to the extent Hill has any other issues with regard to the granting of summary judgment, Hill has waived any right to complain because he did not make any objections to the summary judgment motion before the trial court and raises no such other objections in his Brief.

The Court should affirm the trial court's judgment and render a judgment in favor of Appellees for their appellate attorneys' fees in the amount of $10,000.00.

## STANDARD OF REVIEW

The standard of review for a trial court's summary judgment is de novo. *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 956 (Tex. App.—Dallas 2013, no pet.). In the absence of a response to a motion for summary judgment, the only issue that may be raised on appeal is whether the motion for summary judgment is sufficient as a matter of law. *Id*. at 957. A no-evidence motion for summary

---

[1] Issue No. 2 of Hill's Brief is a challenge to the legal sufficiency of evidence to Appellees' motions for summary judgment. However, the stated issue in the argument in his Brief is only for a legal insufficiency of the "Summary Judgment." (*See* Appellant's Br. 5 and 7).

judgment under Rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial. *See* TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish.*, 286 S.W.3d 306, 310 (Tex. 2009). Such motion is essentially a motion for a pre-trial directed verdict because it requires the opponent to present summary judgment evidence raising a genuine issue of material fact supporting each element challenged in the motion. *See Timpte Indus. Inc.,* 286 S.W.3d at 310. Where summary judgment is appropriate under the no-evidence standard, there is no need to address the issues related to a traditional motion for summary judgment. *See Puricelli v. Saxon Mortg. Serv., Inc.*, No. 05-13-00207-CV, 2014 WL 3735284, at *3 (Tex. App.—Dallas July 28, 2014, pet. denied).

## ARGUMENT

1. Appellees do not dispute that Hill may challenge the legal sufficiency of a grant of summary judgment in this appeal. But any such challenge by Hill simply fails because Hill did not respond to a no-evidence motion for summary judgment and raised no issue of fact to prevent the trial court from granting Appellees' summary judgment motion.

## I. Authority

A party is free to challenge the legal sufficiency of evidence in connection with the grant of a motion for summary judgment. But here, the court granted a no-evidence motion for summary judgment after no response was filed by Hill (*See* CR 82; Appellant's Br. 6). As discussed in response to issue number 2 below, the

Court need not consider the legal suffiency of any evidence as Hill presented no evidence of certain elements necessary to establish the claims under his suit. As further discussed below, Appellees' no-evidence motion for summary judgment was legally sufficient.

2. Appellees' no-evidence motion for summary judgment was legally sufficient because it negated elements of Hill's claims necessary to prevail on a suit for malicious prosecution. As such, the Court need not address the factual legal sufficiency of Appellees' traditional motion for summary judgment.

## II. Authority

A trial court must grant a no-evidence motion for summary judgment if no response is filed. Tex. R. Civ. P. 166a(i). However, a no-evidence motion for summary judgment must state the elements as to which there is no evidence. *Id.* A no-evidence motion for summary judgment is legally sufficient if the movant specifically states the elements of the non-movant's claims that lack evidence. *See Henning*, 405 S.W.3d at 962 (summary judgment affirmed because "the record shows that in its no-evidence motion, [appellee] unambiguously stated the elements of each of [appellant's] claims and identified the elements as to which it contended there was no evidence."); *Jackson v. Am. Home Mortg. Servicing, Inc.*, No. 05-12-01596-CV, 2014 WL 3817085, at *2 (Tex. App.—Dallas Aug. 4, 2014, no pet.) (summary judgment affirmed where appellee identified the specific elements of the claims that appellee claimed lacked evidentiary support).

To the extent an appellant believes that a trial court has committed any error, the appellant must raise such error (by specific issue) in its brief or it is waived. *Barnes v. SWS Fin. Servs., Inc.*, 97 S.W.3d 759, 761 n.3 (Tex. App.—Dallas 2003, no pet.). Further, the failure to raise an objection on the specificity or any ambiguities of a no-evidence summary judgment motion waives the issue. *See Crocker v. Paulyne'a Nursing Home, Inc.*, 95 S.W.3d 416, 419—420 (Tex. App.— Dallas 2002, no pet.) (holding that "a nonmovant must object to an unclear or ambiguous motion for summary judgment" and the failure to do so by "appellants waived any objection that the motion was not more specific").

## III. Analysis

Attempting to overcome his failure to file a response to Appellees' no-evidence motion for summary judgment, Hill argues that Appellees' motions for summary judgment are legally insufficient. (Appellant's Br. 5). Hill's sole point of error on appeal appears to be that the trial court committed error by granting summary judgment because Appellees' motions for summary judgment were legally insufficient as such motions failed to negate the elements of Hill's cause of action for malicious prosecution. (Appellant's Br. 7—8). Hill is incorrect.

A defendant need only negate at least one element of a plaintiff's cause of action. *Black v. Victoria Lloyds Ins. Co.*, 797 S.W.2d 20, 27 (Tex. 1990). In order to prevail on a claim for malicious prosecution, a plaintiff must establish the

defendant acted maliciously in filing a previously pending civil action against the plaintiff, and such malicious filing damaged plaintiff. *See Luce v. Interstate Adjusters, Inc.*, 26 S.W.3d 561, 565 (Tex. App.—Dallas 2000, no pet.). In response to Hill's cause of action, Appellees moved for summary judgment on the basis (among multiple other grounds and damages grounds) that "[t]here is no evidence that [Hill] suffered any damages as a result of [Appellees'] actions" and "[t]here is no evidence that [Appellees] engaged in any malicious conduct." (CR 47—48, *See* grounds Nos. 5—15 and 30). As Appellees' motion specifically stated the elements lacking evidence, such motion was legally sufficient. *See Henning*, 405 S.W.3d at 962. And because Hill subsequently failed to file a response to Appellees' no-evidence motion, the trial court properly granted such motion. *See* Tex. R. Civ. P. 166a(i).

This Court need not address the legal sufficiency of Appellees' traditional motion for summary judgment or the evidence therewith because the trial court properly granted summary judgment based on Appellees' no-evidence motion for summary judgment. *See Puricelli*, 2014 WL 3735284, at *3. Moreover, Hill does not appear to set forth any other points of error in his brief. To the extent he is complaining of any other error, such error is waived. *See Barnes*, 97 S.W.3d at 761 n.3; *Crocker*, 95 S.W.3d at 419—20.

The Court should affirm the trial court's award of appellate attorneys' fees as a prevailing party sought in Appellees' motion for summary judgment as proved in the amount of $10,000.00. (CR 43, 53—55).

## IV. Conclusion

Appellees' no-evidence motion for summary judgment was legally sufficient because such motion challenged Hill's evidence of malicious conduct as well as evidence that Hill suffered any damages as the result of Appellees' conduct. When Hill failed to respond to Appellees' no-evidence motion for summary judgment, the trial court properly granted such motion. Hill has not established any error by the trial court in granting summary judgment in favor of Appellees. Because Hill has not otherwise challenged the granting of summary judgment in any way, such issues are waived and are not before the Court. Consequently, the Court should affirm the judgment and should award Appellees' appellate fees as awarded by the trial court in the amount of $10,000.00. (CR 83).

### **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Appellees Wells Asset Management, Inc. and La Prada Place Apartments pray that the Court affirm the trial court's judgment. In addition, Appellees (and/or La Prada Place Apartments) pray that they may be granted judgment in the amount of $10,000.00 for their

appellate attorneys' fees. Appellees further request all relief to which they may be entitled at law or equity.

Respectfully submitted,

THE SUSTER LAW GROUP, PLLC
1316 Village Creek Dr., Ste. 500
Plano, Texas 75093-4461
Telephone: (972) 380-0130
Facsimile: (972) 380-4517
E-mail: israel@susterlaw.com

/s/ Israel Suster
Israel Suster
State Bar No. 19523580

ATTORNEY FOR APPELLEES

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of November, 2015, a true and correct copy of *Appellees' Brief* was served on Appellant Donnell Hill, at 5405 Gaston Avenue, Number 226, Dallas, Texas 75214 via First Class Mail.

/s/ Israel Suster
Israel Suster

# **APPENDIX**

TAB 1     Order Granting Defendants' Evidentiary and No-Evidence Motions for Summary Judgment Against Plaintiff

TAB 2     Texas Rule of Civil Procedure 166a(i)

# APPELLEES' BRIEF

# APPENDIX TAB 1

NO. CC-14-01039-B

| | | |
|---|---|---|
| DONNELL HILL, | § | IN THE COUNTY COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | AT LAW NO. 2 |
| | § | |
| WELLS ASSET MANAGEMENT, INC. and | § | |
| LA PRADA PLACE APARTMENTS, | § | |
| | § | |
| | § | |
| | § | |
| Defendants. | § | DALLAS COUNTY, TEXAS |

## ORDER GRANTING
## DEFENDANTS' EVIDENTIARY AND NO-EVIDENCE MOTIONS FOR
## SUMMARY JUDGMENT AGAINST PLAINTIFF

On October 17, 2014, a hearing was held on *Defendants' Evidentiary and No-Evidence Motions for Summary Judgment Against Plaintiff* ("Defendants' Motions"). The Court finds that all parties were duly notified of the hearing. The Court further finds that Plaintiff ___did___ *(KF)* appear. The Court further finds that Defendants Wells Asset Management, Inc. and La Prada Place Apartments appeared by and through their attorneys of record, The Suster Law Group, PLLC. The Court further finds that it has jurisdiction over the parties and subject matter of this case. The Court notes that Plaintiff Donnell Hill did not file a response to Defendants' Motions. Having considered Defendants' Motions, the summary judgment evidence and the arguments of counsel, the Court is of the opinion that Defendants' Motions should be granted.

IT IS THEREFORE ORDERED that *Defendants' Evidentiary and No-Evidence Motions for Summary Judgment Against Plaintiff* are hereby granted.

IT IS FURTHER ORDERED that Plaintiff Donnell Hill takes nothing on his claims against Defendants Wells Asset Management, Inc. and La Prada Place Apartments and that



CC-14-01039-B
CSJD
ORDER - SUMMARY JUDGMENT
674340

Defendants are hereby discharged as to any liability asserted by Plaintiff. Defendants awarded a take-nothing judgment against Plaintiff.

IT IS FURTHER ORDERED that that Defendants Wells Asset Management, Inc. and La Prada Place Apartments recover judgment against Plaintiff Donnell Hill for:

1. reasonable attorneys' fees in the amount of $3,065.80; reasonable and necessary attorney fees for pretrial, post-appeal services in the amount of $1,000.00; reasonable and necessary attorneys' fees for representation of this case in the Court of Appeals in the sum of $10,000.00, and reasonable and necessary attorneys' fees for prosecuting or defending a petition for review to the Texas Supreme Court in the sum of $15,000.00;

2. interest at the rate of 5% per year on the total judgment from the date of judgment until such judgment is paid; and,

3. all costs of court.

All relief not expressly granted herein is expressly denied. This judgment is final.

SIGNED on this _____ October 17 _____, 2014.

_____
JUDGE PRESIDING

# APPELLEES' BRIEF

# APPENDIX TAB 2

Vernon's Texas Rules Annotated
  Texas Rules of Civil Procedure
    Part II. Rules of Practice in District and County Courts
      Section 8. Pre-Trial Procedure (Refs & Annos)

TX Rules of Civil Procedure, Rule 166a

Rule 166a. Summary Judgment

Currentness

**(a) For Claimant.** A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the adverse party has appeared or answered, move with or without supporting affidavits for a summary judgment in his favor upon all or any part thereof. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to amount of damages.

**(b) For Defending Party.** A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

**(c) Motion and Proceedings Thereon.** The motion for summary judgment shall state the specific grounds therefor. Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing. The judgment sought shall be rendered forthwith if (i) the deposition transcripts, interrogatory answers, and other discovery responses referenced or set forth in the motion or response, and (ii) the pleadings, admissions, affidavits, stipulations of the parties, and authenticated or certified public records, if any, on file at the time of the hearing, or filed thereafter and before judgment with permission of the court, show that, except as to the amount of damages, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law on the issues expressly set out in the motion or in an answer or any other response. Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal. A summary judgment may be based on uncontroverted testimonial evidence of an interested witness, or of an expert witness as to subject matter concerning which the trier of fact must be guided solely by the opinion testimony of experts, if the evidence is clear, positive and direct, otherwise credible and free from contradictions and inconsistencies, and could have been readily controverted.

**(d) Appendices, References and Other Use of Discovery Not Otherwise on File.** Discovery products not on file with the clerk may be used as summary judgment evidence if copies of the material, appendices containing the evidence, or a notice containing specific references to the discovery or specific references to other instruments, are filed and served on all parties together with a statement of intent to use the specified discovery as summary judgment proofs: (i) at least twenty-one days before the hearing if such proofs are to be used to support the summary judgment; or (ii) at least seven days before the hearing if such proofs are to be used to oppose the summary judgment.

**(e) Case not Fully Adjudicated on Motion.** If summary judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the judge may at the hearing examine the pleadings and the evidence on file, interrogate counsel,

ascertain what material fact issues exist and make an order specifying the facts that are established as a matter of law, and directing such further proceedings in the action as are just.

**(f) Form of Affidavits; Further Testimony.** Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits. Defects in the form of affidavits or attachments will not be grounds for reversal unless specifically pointed out by objection by an opposing party with opportunity, but refusal, to amend.

**(g) When Affidavits Are Unavailable.** Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

**(h) Affidavits Made in Bad Faith.** Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

**(i) No-Evidence Motion.** After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial. The motion must state the elements as to which there is no evidence. The court must grant the motion unless the respondent produces summary judgment evidence raising a genuine issue of material fact.

**Credits**
Oct. 12, 1949, eff. March 1, 1950. Amended by orders of Oct. 1, 1951, eff. March 1, 1952; July 20, 1966, eff. Jan. 1, 1967; July 21, 1970, eff. Jan. 1, 1971; July 11, 1977, eff. Jan. 1, 1978; June 10, 1980, eff. Jan. 1, 1981; Dec. 5, 1983, eff. April 1, 1984; July 15, 1987, eff. Jan. 1, 1988; April 24, 1990, eff. Sept. 1, 1990; Aug. 15, 1997, eff. Sept. 1, 1997.

Notes of Decisions (8188)

Vernon's Ann. Texas Rules Civ. Proc., Rule 166a, TX R RCP Rule 166a
Rules of Civil Procedure, Rules of Evidence, and Rules of Appellate Procedure are current with amendments received through September 1, 2015. Bar Rules, Rules of Disciplinary Procedure, Code of Judicial Conduct, and Rules of Judicial Administration are current with amendments received through September 1, 2015. Other state court rules and selected county rules are current with rules verified through June 1, 2015.

End of Document © 2015 Thomson Reuters. No claim to original U.S. Government Works.